OPINION
{¶ 1} On January 24, 2001, appellant, Richard Hutchison, was sentenced to an aggregate term of seven years in prison after entering guilty pleas to sexual battery in violation of R.C. 2907.03 and felonious assault in violation of R.C. 2903.11. Appellant filed an appeal and a transcript was ordered. The transcript was prepared by appellee, Jennifer Lehigh, a court reporter for the Court of Common Plea for Tuscarawas County. This court affirmed appellant's conviction and sentence. See, State v.Hutchison (October 30, 2001), Tuscarawas App. No. 2001AP030020.
 {¶ 2} On May 27, 2004, appellant filed a complaint against appellee claiming appellee prepared an inaccurate transcript. On November 30, 2004, appellee filed a motion for summary judgment. By final order filed January 14, 2005, the trial court dismissed with prejudice appellant's complaint based upon immunity and the statute of limitations.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON ABSOLUTE AND QUALIFIED IMMUNITY."
 II {¶ 5} "THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF'S COMPLAINT BASED UPON THE STATUTE OF LIMITATIONS."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion for summary judgment based upon the defense of immunity. We disagree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} Pursuant to R.C. 2744.03(A)(6), employees of political subdivisions are granted statutory immunity while performing governmental functions unless one of the following applies:
 {¶ 11} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 12} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 13} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee."
 {¶ 14} In his complaint, appellant claimed appellee is "an official Court transcriptionist/Court reporter doing business for the Tuscarawas County Common Pleas Court." In an affidavit filed November 30, 2004, appellee averred she is "an Official Court Transcriptionist for the Tuscarawas County Court of Common Pleas." Therefore, we conclude appellee was an employee of a governmental entity.
 {¶ 15} The transcript at issue was prepared via a May 7, 2001 order of this court. See, May 23, 2001 Entry on Docket Search, attached to Appellee's November 30, 2004 Motion for Summary Judgment as Exhibit B-1. The preparation of the transcript meets the definition of a governmental function as defined in R.C. 2744.01(C)(2)(f), "[j]udicial, quasi-judicial, prosecutorial, legislative, and quasi-legislative functions."
 {¶ 16} Appellant did not offer proof of malice in his response to the motion for summary judgment, nor did he proffer any proof.
 {¶ 17} We find appellee, as a governmental employee paid by state funds, was performing a governmental function pursuant to a directive from this court. Absent a showing of "malicious purpose, in bad faith, or in a wanton or reckless manner," appellee is immune from civil suit for the preparation of the trial transcript.
 {¶ 18} Upon review, we find the trial court did not err in granting summary judgment to appellee based upon the defense of immunity.
 {¶ 19} Assignment of Error I is denied.
 II {¶ 20} Appellant claims the trial court erred in dismissing his complaint based upon the statute of limitations. We agree, but find the issue to be moot.
 {¶ 21} It is undisputed that the applicable statute of limitations is found in R.C. 2744.04(A), two years. However, appellant argues the discovery rule applies sub judice:
 {¶ 22} "* * * under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant. O'Stricker v. JimWalter Corp. (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727; Oliverv. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, 5 OBR 247,449 N.E.2d 438, syllabus. In essence, the running of the limitations period is delayed until triggered by a `cognizable event' that alerts the plaintiff that he or she was injured by the defendant. See, e.g., Zimmiev. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, 538 N.E.2d 398
(where the cognizable event in a legal malpractice case was the event that should have alerted a reasonable person that a questionable legal practice may have occurred)." Collins v. Sotka (1998), 81 Ohio St.3d 506,507-508.
 {¶ 23} Appellant argues the cognizable event was on or about October 15, 2002, when he received a copy of the transcript while in prison. Appellant's Brief at 10. We disagree that this date marked the cognizable event. Included in the record is an affidavit of Gerald Leb filed January 6, 2005. Mr. Leb states he was a paralegal for appellant's attorney in a legal malpractice case. He states on September 23, 2002, he reviewed the audiotapes of the hearings in question and discovered inconsistencies in the transcript. Therefore, the statute of limitations began to run on September 24, 2002. Because the complaint was filed on May 27, 2004, it was filed within the two year statute of limitations. However, although we find the complaint to have been timely filed, we find the issue to be moot given our decision in Assignment of Error I.
 {¶ 24} Assignment of Error II is moot.
 {¶ 25} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.