[Cite as *Luthy v. Dover*, 2011-Ohio-4604.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| L. EDWARD LUTHY, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011AP030011 |
| CITY OF DOVER, ET AL | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Civil appeal from the Tuscarawas County
                              Court of Common Pleas, Case No.
                              2010CV080890

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 12, 2011

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

ARTHUR B. CUNNINGHAM                       JOHN MCLANDRICH
Box 511                                    JAMES CLIMER
Hopkinton, NH                              FRANK H. SCIALDONE
                                           TAMI Z. HANNON
                                           100 Franklin's Row
                                           34305 Solon Road
                                           Cleveland, OH 44139

                                           STEVEN K. KELLY
                                           CORNELIUS J. O'SULLIVAN
                                           6480  Rockside Woods Blvd., Ste. 145
                                           Independence, OH 44131

*Gwin, P.J.*

{¶1} Plaintiffs-appellants L. Edward Luthy and Beverly Luthy appeal a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of defendants-appellees the City of Dover and Donald R. Dummermuth, Dover's City Engineer. Appellant assigns four errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED WHEN IT GRANTED DISMISSAL OF PLAINTIFFS' COMPLAINT UNDER CIVIL RULE 12 (C) AGAINST THE CITY OF DOVER AND CITY ENGINEER DONALD R. DUMMERMUTH BASED UPON THE STATUTE OF LIMITATIONS.

{¶3} "II. WHILE THE TRIAL COURT CORRECTLY ARTICULATED THE DISTINCTION BETWEEN THE CONCEPT OF AN ONGOING, CONTINUING TRESPASS AND A PERMANENT TRESPASS AND THE DOCTRINES APPLICABILITY TO THE STATUTE OF LIMITATIONS, IT ERRED IN ITS APPLICATION OF THE DOCTRINE TO DEFENDANT CITY ENGINEER DONALD R. DUMMERMUTH WHO WAS SUED AS AN EMPLOYEE OF THE DEFENDANT CITY OF DOVER, NOT AS AN INDIVIDUAL OWING A SEPARATE DUTY TO PLAINTIFFS.

{¶4} "III. THE TRIAL COURT ERRED BECAUSE ITS RELIANCE ON THE STATUTE OF LIMITATIONS LED THE TRIAL COURT TO MAKE A DETERMINATION OF FACTS OUTSIDE OF THE PLEADINGS REGARDING THE NATURE OF THE DEFENDANTS' TRESPASS ON PLAINTIFFS' RESIDENCE.

{¶5} "IV. THE TRIAL COURT ERRED WHEN IT GRANTED DISMISSAL OF PLAINTIFFS' COMPLAINT UNDER CIVIL RULE 12 (C) AGAINST THE CITY OF

DOVER ON THE GROUND THAT THE CITY OF DOVER IS IMMUNE FROM LIABILITY UNDER SECTION 2744.02 (B)(5) OHIO REVISED CODE."

{¶6} The trial court entered judgment on the pleadings pursuant to Civ. R. 12 (C). Appellants filed the complaint on August 5, 2010. It alleged that on November 25, 1986, the City of Dover through its Planning Commission approved the subdivision plat known as Calico Square, Sixth Addition, for the construction and sale of personal residences. The Planning Commission was advised to approve the subdivision for residential development by the City Engineer, Dummermuth. Dummermuth was also a principal in George A. Fiedler & Associates, a consulting engineering firm, representing private developers. Appellants alleged Dummermuth had a conflict of interest, because at the time Dummermuth, as City Engineer, advised the Planning Commission to approve the Calico Square Subdivision, he was also representing the developer of the subdivision.

{¶7} Appellants alleged they purchased a residence in the Calico Square Sixth Addition on April 1, 1988. On January 18, 2005, their newly remodeled basement was flooded by rising ground water. Appellants were forced to install three sump pumps, which ran continuously for four to five weeks. On or about March 15, 2008, two of the sump pumps started pumping again and ran continuously for six weeks. Appellants estimated the pumps removed 6.9 million gallons of water from the foundation area of their home.

{¶8} Appellants alleged the flooding caused damage to their property, and would continue to do so, because of the height of the water table underlying the allotment. Appellants alleged their damages included the expense of repairing their

newly remodeled basement and the cost of the installation of the pumps. Appellants also alleged the value of their home had diminished because of the flooding and threat of future flooding, and had impaired their right of quiet enjoyment of their residence.

{¶9} Appellants alleged Dummermuth breached his duty to residents, including appellants, in simultaneously representing the City of Dover and the private developer. Appellants alleged Dummermuth's actions were manifestly outside the scope of his official responsibilities as City Engineer, were reckless, and done in bad faith. Appellants alleged that the time Dummermuth advised the Planning Commission to approve the subdivision, he knew that the ground water elevation underlying the subdivision posed a threat of flooding during storms.

{¶10} Appellants alleged the City of Dover, acting through the Planning Commission, knew that Dummermuth represented the developer of the subdivision, and therefore, the City is responsible for the acts and omissions of Dummermuth.

{¶11} The City's answer raised several defenses, including statute of limitations and immunity. Dummermuth's answer also included several affirmative defenses, including statute of limitations and immunity.

{¶12} The trial court granted judgment on the pleadings in favor of both the City and Dummermuth. The court found appellants' claims against the City were barred by the statute of limitations and immunity. The court found as to Dummermuth, the statute of limitations had run on all of appellants' claims.

{¶13} A motion for judgment on the pleadings presents only questions of law. *Dearth v. Stanley*, Montgomery App. No. 22180, 2008–Ohio–487. Pursuant to Civ. R. 12(C), the trial court is required to construe the allegations in the complaint, and all

reasonable inferences to be drawn from the allegations, in favor of the non-moving party. *Whaley v. Franklin County Board of Commissioners*, 92 Ohio St.3d 574, 2001–Ohio–1287, 752 N.E.2d 267, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 297 N.E.2d 113. The court may grant judgment on the pleadings only if it is clear that the plaintiff could prove no set of facts in support of the claim that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 1996–Ohio–459, 664 N.E.2d 931. Our review of a court's decision granting judgment on the pleadings is de novo. See, e.g., *State v. Sufronko* (1995), 105 Ohio App.3d 504, 644 N.E.2d 596.

I

**{¶14}** Appellants' first assignment of error addresses both the City and Dummermuth. For clarity sake, we will address the issues as to each defendant separately.

Claims against Dummermuth

**{¶15}** The trial court correctly found appellants' claims against Dummermuth sound in negligence, negligent misrepresentation, and intentional tort. As to appellants' claims against Dummermuth, the trial court first cited R.C. 2305.131. The statute provides in pertinent part:

**{¶16}** "(A)(1) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to

real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement.

{¶17} "(2) Notwithstanding an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code, a claimant who discovers a defective and unsafe condition of an improvement to real property during the ten-year period specified in division (A)(1) of this section but less than two years prior to the expiration of that period may commence a civil action to recover damages as described in that division within two years from the date of the discovery of that defective and unsafe condition."

{¶18} The court found the improvements to the property in Calico Square were completed on April 1, 1988, when the appellant's purchased their home. If R.C. 2305.131 is applied, the statute of limitations would have run on April 1, 1998.

{¶19} The court also found RC. 2305.09(D) provides for a four-year statute of limitations for tort actions involving injury or damage to real property. The statute begins to run when the plaintiff discovers or should have discovered there is damage to the property. The court found appellants discovered or with reasonable diligence should have discovered the damage to the property when the property flooded on

January 18, 2005. The court found if it applied R.C. 2305.09 (D), the statute of limitations had run.

{¶20} The trial court also found pursuant to R.C. 2305.09 (C), an action for fraud must be brought within five years after the cause of action accrued.

{¶21} The trial court found in the alternative, the statute of limitations contained in R.C. 2305.09 barred appellants' recovery. R.C. 2305.09 provides for a four-year statute of limitations for, inter alia, trespass upon real property. The statute further states the cause of action does not accrue until the wrongdoer is discovered or, if there is fraud, until the fraud is discovered. The issue of trespass is considered in II infra.

The City of Dover

{¶22} Appellants argue the City of Dover is liable on a respondeat superior theory because Dummermuth was acting for the City of Dover. The City argues there are four different time periods from which plaintiffs' claims could accrue. On November 25, 1986, the plans for the subdivision were approved. In the alternative, appellants' claims could have accrued when they purchased their home on April 1, 1988. The claims could have accrued when the home was flooded on January 18, 2005, or on March 5, 2008, when they alleged a second incident occurred. The City argues even assuming that March 5, 2008 is considered as the date appellants' claims accrued, the two year statute of limitations pursuant R.C. 2744.04 would bar appellants' claim.

{¶23} We agree with the trial court construing appellants' claims under any available theory of recovery, any applicable statute of limitations barred appellants' recovery.

**{¶24}** The first assignment of error is overruled as to both the City of Dover and Dummermuth.

II

**{¶25}** The trial court also applied the doctrine of permanent trespass to Dummermuth's actions, and found appellants' claims were time barred. See paragraph 24 supra.

**{¶26}** Appellants argued the trial court and to us that the statute of limitations has not run on their claim for trespass. All parties cite *Sexton v. City of Mason* (2008), 117 Ohio St. 3d 275, 2008-Ohio-858, 883 N.E.2d 1013 in support of their positions.

**{¶27}** In *Sexton,* the Supreme Court explained the difference between a continuing trespass and a permanent trespass. The court found:

**{¶28}** "The defendants' on-going conduct or retention of control is the key to distinguishing a continuing trespass from a permanent trespass. We hold that a continuing trespass in this context occurs when there is some continuing or on-going allegedly tortuous activity attributable to the defendant. A permanent trespass occurs when the defendant's allegedly tortuous act has been fully accomplished." *Sexton* at paragraph 45.

**{¶29}** Appellants assert the damage to their home is on-going, and thus, constitutes a continuing trespass. The trial court found while the complaint alleged on-going damage, it did not allege continuing or on-going tortuous activity attributable to Dummermuth. The court found any trespass was permanent.

**{¶30}** We find the trial court was correct. In *Sexton,* the plaintiffs allege their property experienced repeated flooding and erosion because of the developer and the

engineer who designed the storm water drainage system for a sub-division adjacent to their home had changed the drainage and directed water onto their property.

{¶31} The Supreme Court noted if a defendant committed only one tortuous act and did not retain control over the property, the trespass was not continuous. The tortious act was completed and there was no on-going conduct by the defendants, even though the damage to the property continued. *Sexton* at paragraph 44, citations deleted. The Supreme Court concluded that the developer and the subcontractor had completed their work and exercised no control over the property, and thus the alleged trespass was complete.

{¶32} We find any trespass which may have occurred on appellants' property was a permanent trespass. Appellants do not allege that their flooding problem is attributable to anything other than the naturally occurring water table. We find the trial court did not err in finding it was a permanent trespass, and the statute of limitations was four years pursuant to R.C. 2305.09.

{¶33} However, appellant argues the trial court should not have applied the theory of permanent trespass to Dummermuth's action because he was sued as an employee of the City of Dover, and not as an individual.

{¶34} Appellants cite us to R.C.2744.03(A)(6), which provides an employee is not immune from liability if he acts with malicious purpose, and bad faith or in a wanton or reckless manner. Appellants' complaint alleged recklessness and a conflict of interest.

{¶35} We find the court did not find Dummermuth was immune from liability and its finding the statutes of limitations had run makes the question of immunity moot.

**{¶36}** The second assignment of error is overruled.

III.

**{¶37}** In their third assignment of error, appellants argue the court made a determination of facts outside the pleadings regarding the nature of the trespass on the appellants' residence. We do not agree. The issue of statute of limitations was raised in the answers of both the City of Dover and Dummermuth. The trial court was required to apply the law to determine whether appellants could prove a set of facts in support of their claims that would entitle them to relief. The trial court's determination of the nature of the trespass was a legal determination based upon the facts set out in the pleadings.

**{¶38}** The third assignment of error is overruled.

IV

**{¶39}** The trial court also found the City of Dover is immune from liability.

**{¶40}** The Supreme Court has developed a three-tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. Cleveland,* 83 Ohio St. 3d 24, 1998-Ohio-421, 697 N.E. 2d 610. The first tier is the broad immunity conferred by R.C. 2744.02(A)(1). However, the second tier contains five exceptions to immunity as set out in R.C. 2744.02 (B). If an exception exists, the analysis progresses to the third tier, and immunity can be reinstated if the political subdivision can raise one of the defenses set out in R.C. 2744.03 (A).

**{¶41}** The City of Dover is a political subdivision and is immune from liability unless one of the five exceptions applies. Here, the complaint alleges negligent performance of Dummermuth, and, arguably, R.C. 2744.02(B)(2) applies, because it provides a political subdivision is liable for lost property caused by the negligent

performance of acts by their employees with respect to proprietary functions of the political subdivision.

{¶42} However, we find in applying the third tier, R.C.2744.03 (A)(3) applies. It provides immunity from liability if the action or failure to act by the employee involved was within the discretion of the employee with respect to policy making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee. The Ohio Supreme Court has stated that an employee's conduct is considered to be within the course of his employment when it "can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered or a natural, direct, and logical result of it." *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 344 N.E.2d 334. An employee's conduct falls within the scope of his employment when: (1) the conduct is the kind the employee is employed to perform; (2) occurs substantially within authorized time and space limits; and (3) is actuated, at least partly, to serve the employer, will the employee's conduct be considered within the scope of his employment. Id at 278. Additionally, an employee who departs from his employment to engage in his own affairs is no longer within the scope of his employment when that departure is "such a divergence from his regular duties that its very character severs the relationship of master and servant." Id.

{¶43} Although appellants claim Dummermuth's actions were outside the scope of his employment, we find his actions in advising the Planning Commission were within the scope of his employment even if we assume, arguendo, that he had a conflict of interest.

**{¶44}** We conclude the City of Dover is immune from liability based on respondeat superior for any negligence of Dummermuth.

**{¶45}** The fourth assignment of error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

WSG:clw 0819

_____
HON. JULIE A. EDWARDS

[Cite as *Luthy v. Dover*, 2011-Ohio-4604.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

L. EDWARD LUTHY, ET AL             :
                                   :
        Plaintiff-Appellant        :
                                   :
                                   :
-vs-                               :       JUDGMENT ENTRY
                                   :
CITY OF DOVER, ET AL               :
                                   :
                                   :
        Defendant-Appellee         :       CASE NO. 2011AP030011

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS