[Cite as *Giesberger v. Alliance Police Dept.*, 2011-Ohio-5940.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DALE GIESBERGER | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00070 |
| ALLIANCE POLICE DEPARTMENT | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2010CV03077


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      November 7, 2011


APPEARANCES:

For Appellant:                       For Appellee:

DALE GIESBERGER, pro se              NICK C. TOMINO
8208 Bayard Rd.                      803 Washington St., Suite 200
Minerva, OH 44657                    Medina, OH 44256

*Delaney, J.*

{¶1}  Plaintiff-Appellant Dale Giesberger appeals the October 14, 2010 decision of the Stark County Court of Common Pleas granting the motion for judgment on the pleadings of Defendant-Appellee Alliance Police Department.

{¶2}  Appellant filed his pro se complaint with the Stark County Court of Common Pleas on August 20, 2010.  His complaint named the Alliance Police Department as defendant and stated only the following: "(1) VIOLATED CONSTITUTIONAL RIGHTS, (2) ILLEGALLY TOWED AND IMPOUNDED VEHICLE, (3) ILLEGALLY INCARCERATED PLAINTIFF, (4) FILING FALSE INFORMATION, (5) CAUSED EMOTIONAL DISTRESS TO PLAINTIFF, AND DEFAMED PLAINTIFF'S REPUTATION."

{¶3}  Appellee simultaneously filed its answer and a motion for judgment on the pleadings under Civ.R. 12(C) on September 28, 2010.  In its motion, Appellee argued it was entitled to statutory immunity against Appellant's claims because the claims arose out of the performance of a governmental function.  Appellant did not respond to the motion.

{¶4}  The trial court granted the motion for judgment on the pleadings on October 14, 2010.

{¶5}  It is from this judgment Appellant now appeals.

{¶6}  At the outset, we note Appellant's brief fails to comply with the Rules of Appellate Procedure.  Appellant's brief consists of a recitation of the facts and argument.  Appellate Rule 16 states:

{¶7} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

{¶8} "(1) A table of contents, with page references.

{¶9} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶10} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶11} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶12} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶13} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶14} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶15} "(8) A conclusion briefly stating the precise relief sought."

{¶16} Failure to meet the requirements of Rule 16 is often grounds for dismissal of the appeal. See *Pahoundis v. Beamer*, Coshocton App. No. 09CA017, 2009-Ohio-6881. However, in the interest of justice, we will address Appellant's appeal.

{¶17} This matter comes to us upon a motion for judgment on the pleadings pursuant to Civ.R. 12(C). As stated by this Court in *Estate of Heath v. Grange Mutual Casualty Company*, Delaware App. No. 02CAE05023, 2002-Ohio-5494, ¶ 8-9:

{¶18} "The standard of review of the grant of a motion for judgment on the Pleadings is the same as the standard of review for a Civ. R. 12(B)(6) Motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources* (1995), 106 Ohio App.3d 88, 91, 665 N.E.2d 278. Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 623 N.E.2d 185. See, also, *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 481, 597 N.E.2d 1137; *Barilatz v. Luke* (Dec. 7, 1995), Cuyahoga App. No. 68304, unreported, 1995 WL 723294.

{¶19} "A reviewing court need not defer to the trial court's decision in such cases. Id. A motion for a judgment on the pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113. The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Id."

{¶20} Appellant claims arise from his interactions and subsequent arrest by the Alliance Police Department on August 22, 2009. Appellee argues it is entitled to

statutory immunity under R.C. Chapter 2744, the Political Subdivision Tort Liability Act. When Appellant was arrested by an Alliance police officer on August 22, 2009, Appellee was engaged in the governmental function of the provision of police services or protection.

{¶21}  Based on the paucity of Appellant's complaint and his failure to respond to the motion for judgment on the pleadings, we reach the same conclusion as the trial court that Appellant can prove no set of facts in support of his claim that would entitle him to relief.  We find the trial court was correct in granting Appellee's motion for judgment on the pleadings.

{¶22}  Appellant's appeal is overruled.

{¶23}  The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

[Cite as *Giesberger v. Alliance Police Dept.*, 2011-Ohio-5940.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DALE GIESBERGER | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ALLIANCE POLICE DEPARTMENT | : | |
| | : | |
| | : | Case No. 2011CA00070 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER