[Cite as *Columbus v. Sanders*, 2012-Ohio-1514.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF COLUMBUS | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11 CAE 05 0047 |
| DARYL T. SANDERS, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                  Common Pleas, Case No. 10 CVC 05
                                  0705



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           March 28, 2012



APPEARANCES:

For Appellants:                        For Appellee:

DAVID D. CONNOR                        ANDREW D.M. MILLER
CHRISTOPHER M. CONNOR                  City of Columbus, Department of Law
Connor, Evans & Hafenstein LLP         City Hall, Room 200
501 S. High St.                        90 W. Broad St.
Columbus, OH 43215                     Columbus, OH 43215

*Delaney, J.*

{¶1} Defendants-Appellants Daryl T. Sanders and Barbara T. Sanders appeal the January 13, 2011 judgment entry of the Delaware County Court of Common Pleas granting a motion for judgment on the pleadings and dismissing Appellants' amended counterclaim. Plaintiff-Appellee is the City of Columbus.

## FACTS AND PROCEDURAL HISTORY

{¶1} The City is the owner in fee simple of real property bordering the O'Shaughnessy Reservoir in Concord Township, Delaware County, Ohio ("the city property"). Appellants own real property located at 9220 Shawnee Trail, Powell, Ohio. The city property is adjacent to and abuts Appellants' property and the O'Shaughnessy Reservoir.

{¶2} On May 3, 2010, the City filed suit against Appellants in the Delaware County Court of Common Pleas alleging Appellants trespassed upon a portion of the city's property on multiple occasions without authority to do so. While on the property, Appellants cut down trees, cleared the city property, mowed the property, and stored objects on the city property. Appellants impermissibly maintained the city property as an extension of their own property. The City asserted claims for trespass to land, violation of R.C. 901.51, and ejectment. The City sought compensatory damages, statutory treble damages, punitive damages, an order ejecting Appellants from the city property, and a preliminary and permanent injunction restraining Appellants from trespassing on the city property.

{¶3} In its complaint, the City alleged it "occupies, possesses, uses, and dedicates the [c]ity [p]roperty for purposes of wildlife habitation, filtration of pollutants

from neighboring properties, bank stabilization as part of raw water storage for drinking water, and for potential recreational activities associated with reservoir parklands."

{¶4} Appellants answered the City's complaint and filed a counterclaim, which they later amended. In the first claim of their amended counterclaim, Appellants alleged the City allowed the city property to become overgrown with vegetation and overrun with insects and pests. The City refused to remove dead trees from the city property. The City's conduct in allowing the city property to be overrun affected Appellants' ability to enjoy their property and has discouraged prospective buyers from purchasing Appellants' property. Appellants further allege the City and its agents misled them about the requirements for obtaining a boat-dock permit and effectively caused them to be ineligible for a boat-dock permit, affecting the value of their property.

{¶5} In their second claim, Appellants alleged the intentional, negligent, and/or reckless actions or inactions of the City caused economic harm to Appellants by reducing the value of Appellants' property. The third claim stated the City caused a substantial and unreasonable interference with the use and enjoyment of Appellants' property. The fourth claim alleged the City caused Appellants economic harm in the amount of $98,860.00 by unreasonably interfering with the health, safety, and property rights of Appellants. Appellants alleged in the fifth claim through the extreme and outrageous conduct of its agents, the City caused Appellants to suffer severe and debilitating emotional distress. In the final claim, Appellants alleged the City violated

the Equal Protection Clause of the Ohio Constitution, Article I, Section 2 because the City treated other property owners adjacent to the city property more favorably.

{¶6} The City moved for judgment on the pleadings pursuant to Civ.R. 12(C). On January 13, 2011, the trial court issued a thorough judgment entry granting the City's motion for judgment on the pleadings. The trial court found Appellants' amended counterclaim raised no exception to sovereign immunity pursuant to the Political Subdivision Tort Liability Act. The City's use of the city property was a governmental function and there were no exceptions to immunity under R.C. 2744.02(B).

{¶7} The trial court granted the City's motion and dismissed the amended counterclaim. The City voluntarily dismissed its complaint without prejudice against Appellants, thereby rendering the January 13, 2011 judgment entry a final appealable order.

## ASSIGNMENT OF ERROR

{¶8} Appellants raise one Assignment of Error:

{¶9} "I. THE DELAWARE COUNTY COURT OF COMMON PLEAS ERRED IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS. THE FACTS OF THE PLEADINGS, IF CONSTRUED IN THE APPELLANT'S FAVOR AS REQUIRED FOR MOTIONS FILED PURSUANT TO OHIO CIV.R. 12(C), ARE SUFFICIENT TO DEMONSTRATE THAT THE CITY OF COLUMBUS IS ENGAGING IN A PROPRIETARY FUNCTION AND, AS SUCH, IS NOT IMMUNE FROM LIABILITY UNDER R.C. § 2744.02(B)(2) OF OHIO'S POLITICAL SUBDIVISION LIABILITY ACT."

**ANALYSIS**

*Standard of Review for Judgment on the Pleadings*

{¶10} A motion for judgment on the pleadings presents only questions of law. *Luthy v. Dover*, 5th Dist. No. 2011AP030011, 2011-Ohio-4604, ¶ 13, citing *Dearth v. Stanley*, 2nd Dist. No. 22180, 2008-Ohio-487.  In ruling on a motion for judgment on the pleadings, the trial court must construe the material allegations in the complaint and any reasonable inferences drawn therefrom in favor of the plaintiff.  If it finds plaintiff can prove no set of facts entitling plaintiff to relief, the court must sustain a motion for judgment on the pleadings.  *Boske v. Massillon City School Dist.*, 5th Dist. No. 2010-CA-00120, 2011-Ohio-580, ¶ 12, citing *Hester v. Dwivedi*, 89 Ohio St.3d 575, 2000-Ohio-230, 733 N.E.2d 1161.  However, the complaint must allege sufficient facts to support any conclusions, and unsupported conclusions are not presumed to be true.  *Id.*

{¶11} Judgment on the pleadings may be granted where no material factual issue exists.  However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings.  *Giesberger v. Alliance Police Department*, 5th Dist. No. 2011CA00070, 2011-Ohio-5940, at ¶ 18, citing *Flanagan v. Williams*, 87 Ohio App.3d 768, 623 N.E.2d 185 (4th Dist.1993).

{¶12} Our review of the trial court's decision granting judgment on the pleadings is de novo.  *See, State v. Sufronko*, 105 Ohio App.3d 504, 644 N.E.2d 596 (4th Dist.1995).

{¶13} When reviewing a matter de novo, this Court does not give deference to the trial court's decision.  *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-

Ohio-829, ¶ 11 (9th Dist.). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

*Sovereign Immunity and Governmental vs. Proprietary Functions*

{¶14} The City alleges it is entitled to judgment on the pleadings because it is immune from Appellants' tort claims in regards to the city property. The issues raised by the parties concern sovereign immunity pursuant to the Political Subdivision Tort Liability and the exceptions to immunity set forth in R.C. 2744.02 and 2744.03.

{¶15} The Supreme Court of Ohio has developed a three-tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). The first tier is the broad immunity conferred by R.C. 2744.02(A)(1), which states "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act of omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶16} The parties agree the City of Columbus is a political subdivision and therefore entitled to the broad immunity provided by R.C. 2744.02(A)(1).

{¶17} "[B]efore judgment on the pleadings can be granted, it is necessary to consider the applicable law and determine if there are any facts that would afford

[appellants] recovery based on the allegations in the [cross-]complaint." *Ganzhorn v. R. & T. Fence Co.,* 11th Dist. No. 2010-P-0059, 2011-Ohio-6851, ¶ 27.

{¶18} The second tier contains five exceptions to immunity described in R.C. 2744.02(B). In this case, Appellants assert R.C. 2744.02(B)(2) applies: "* * * [P]olitical subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions." Appellants assert the City's use of the city property, including maintenance or lack thereof, constitutes a proprietary function so that the City is not immune.

{¶19} In reviewing the amended counterclaim for purposes of R.C. 2744.02(B)(2), the amended counterclaim alleges the following conduct by the City: (1) the City's refusal to remove dead trees from the city property, (2) the City's failure to prevent the overgrowth of vegetation and wildlife, and (3) the misleading statements of an employee of the City about the law governing boat-dock permits at the O'Shaughnessy Reservoir. The City counters this conduct and its use of the city property constitutes a governmental function and the R.C. 2744.02(B)(2) exception to immunity does not apply.

{¶20} We turn to the issue upon which this case rests: whether the City's ownership, maintenance, and management of the city property, or lack thereof, constitute a governmental or proprietary function. "Accordingly, if a [political] subdivision negligently causes damages while engaging in a governmental function its immunity remains intact, but if it does so while engaging in a proprietary function its

immunity falters." *State ex rel. Nix v. Bath Twp.*, 9th Dist. No. 25633, 2011-Ohio-5636, ¶ 9, citing *Bauer v. Brunswick*, 9th Dist. No. 11CA0003-M, 2011-Ohio-4877, at ¶ 5.

{¶21} A "proprietary function" is a function that either (1) is specifically listed in R.C. 2744.01(G)(2), which lists examples of proprietary functions, or (2) is not described in R.C. 2744.01(C)(1)(a), (b), or (C)(2) and "promotes or preserves the public peace, health, safety, or welfare and * * * involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1). *Moore v. Lorain Metro. Housing Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 11.

{¶22} By contrast, R.C. 2744.01(C) provides two routes to determine whether a given function is governmental. First, the statute refers to the list in R.C. 2744.01(C)(2) of "specified" functions that the General Assembly has expressly deemed governmental. In the alternative, a function is governmental if it meets one of three independent standards, enumerated in R.C. 2744.01(C)(1)(a) through (c). *Id.* at ¶ 12.

*The City's Use of the City Property Constitutes a Governmental Function*

{¶23} The City argues its use of the city property constitutes a governmental function as defined under R.C. 2744.01(C)(2). We agree.

{¶24} Under R.C. 2744.01(C)(2)(u)(i), a "governmental function" includes "the design, construction, reconstruction, renovation, repair, maintenance, and operation of any school athletic facility, school auditorium, or gymnasium or any recreational area or facility, including, but not limited to, any of the following: * * * [a] park, playground, or playfield."

{¶25} The City describes the use of the property as such in its complaint: "The City occupies, possesses, uses, and dedicates the [c]ity [p]roperty for purposes of wildlife habitation, filtration of pollutants from neighboring properties, bank stabilization as part of raw water storage for drinking water, and for potential recreational activities associated with reservoir parklands." The City argues the city property at issue is a recreational area and specifically, a park.

{¶26} Appellants do not dispute the city property is used for recreational purposes. They argue the city property is used for recreational purposes in addition to other purposes, such as filtration of pollutants from neighboring properties, and therefore the City cannot rely upon R.C. 2744.01(C)(2)(u)(i) for the definition of a governmental function. Appellants do not cite authority for the proposition that the city property cannot be defined as a "park" if the property serves multiple purposes for the City.

{¶27} The City also contends the city property is public grounds. Under R.C. 2744.01(C)(2)(e), "the regulation of the use of, and the maintenance and repair of, * * * public grounds" is a governmental function. Appellants raise no argument in their brief the property in question is owned by the City and that it is public grounds.

{¶28} The amended counterclaim alleges the City negligently maintained the city property, allowing overgrowth of vegetation, and the failure to remove dead trees. The conduct alleged by Appellants in their amended counterclaim as to the city property involves the City's maintenance and operation of the city property. Drawing all reasonable inferences in favor of the non-moving party, we find the character of the city property and the conduct alleged in the amended counterclaim demonstrate the

City is engaged in a governmental function in relation to the operation and maintenance of the city property, which can be defined as a park or public grounds.

*Issuance of the Boat-Dock Permit is a Governmental Function*

{¶29} Appellants also allege the City negligently mislead them regarding the issuance of a boat-dock permit for the O'Shaughnessy Reservoir. The City argues the issuance of a boat-dock permit also falls within the definition of a governmental function. We agree.

{¶30} Under R.C. 2744.01(C)(2)(p), a governmental function includes "* * * the issuance or revocation of building permits * * * in connection with buildings or structures." The City requires the issuance of a boat-dock permit from the City to build a boat-dock on the O'Shaughnessy Reservoir. We find the conduct alleged by Appellants is within the definition of a governmental function under R.C. 2744.01(C)(2)(p).

*The City is Immune from the Claims of Negligence under R.C. 2744.02(B)(2)*

{¶31} The amended counterclaim alleged the City's negligent conduct in maintaining the city property and negligent misstatements as to the boat-dock permit caused Appellants harm. Appellants assert R.C. 2744.02(B)(2) applies as an exception to the City's sovereign immunity because the City was engaged in a proprietary function in relation to the city property. Upon our de novo review, we find the City was engaged in a governmental function as to the city property and the issuance of the boat-dock permit. As such, we find there is no set of facts to support Appellants claims of the City's negligence.

{¶32} It is therefore unnecessary for this court to reach the third tier of immunity analysis to determine whether immunity can be restored to the City under R.C. 2744.03(A)(1) through (5).

*Immunity from Intentional Torts*

{¶33} Appellants' amended counterclaim also contained allegations of intentional tort by the City, such as the infliction of emotional distress.  R.C. 2744.02(B) includes no specific exceptions for intentional torts.  Ohio courts have consistently held political subdivisions are immune under R.C. 2744.02 from intentional tort claims.  *Sisler v. Lancaster*, 5th Dist. No. 09-CA-47, 2010-Ohio-3039, ¶ 27 (citations omitted).

**CONCLUSION**

{¶34} Upon our de novo review, we find pursuant to Civ.R. 12(C), Appellants can prove no set of facts to support their claims for negligence or intentional tort for the City's actions in relation to the city property because the City is immune from liability under the Political Subdivision Tort Liability Act.

{¶35} Appellants' sole Assignment of Error is overruled.

{¶36} The decision of the Delaware County Court of Common Pleas granting the City's motion for judgment on the pleadings is affirmed.


By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE

[Cite as *Columbus v. Sanders*, 2012-Ohio-1514.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF COLUMBUS | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DARYL T. SANDERS, et al. | : | |
| | : | |
| | : | Case No. 11 CAE 05 0047 |
| Defendants-Appellants | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is AFFIRMED. Costs assessed to Appellants.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE