[Cite as *Davis v. Canton*, 2014-Ohio-195.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| CHRISTOPHER A. DAVIS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00080 |
| CITY OF CANTON, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
                            Common Pleas, Case No. 2012CV02755

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     January 21, 2014

APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

BRADLEY IAMS                     JOHN FERRERO
220 Market Ave. S., Ste. 400     STARK COUNTY PROSECUTOR
Canton, OH  44702                BY: STEPHAN BABIK
                                 110 Central Plaza South, Ste 510
                                 Canton, OH  44702

                                 DAVID SMITH
                                 Canton Law Department
                                 218 Cleveland Avenue S.W., 7th Floor
                                 Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant appeals the April 15, 2013 judgment entry of the Stark County Court of Common Pleas granting appellees' motion for judgment on the pleadings.

*Facts and Procedural History*

{¶2} On January 14, 2007, plaintiff-appellant Christopher A. Davis was arrested on a charge of unlawfully possessing a firearm. The items seized by the Canton Police Department at the time of appellant's arrest were as follows: a 1970 Oldsmobile Cutlass, a 1998 Chrysler Sebring, a 2001 Dodge Stratus, a 2005 Chrysler 300, four Hancock tires with chrome rims, and $765.00 in U.S. currency. On February 13, 2007, appellant was indicted on a federal firearms charge. As a result of the federal indictment, the state charge against appellant of unlawfully possessing a firearm was dismissed.

{¶3} On May 11, 2007, the Stark County Prosecutor filed a forfeiture action against the above-listed property and a residence located at 2000 Spring Avenue N.E. in Canton. Appellant filed an answer to the forfeiture complaint on June 4, 2007. In his answer, appellant disputed that the taking of his property was lawful, requested the trial court dismiss the forfeiture complaint, and sought an order that the property taken from him was wrongfully taken. On April 24, 2008, the trial court held a trial on the forfeiture case. Counsel for appellant appeared at the forfeiture trial. The magistrate entered a decision rendering judgment for the State of Ohio on the forfeiture complaint on April 25, 2008. The magistrate's decision was affirmed by the trial court and a judgment entry of distribution was filed on April 30, 2008.

{¶4} On May 28, 2008, appellant filed an appeal of the trial court's decision, but did not request or obtain a stay of execution of the forfeiture judgment. Subsequently, appellant was sentenced to seventy-seven (77) months in prison on October 22, 2008. While appellant's appeal of the forfeiture judgment was pending, the Canton Police Department auctioned or otherwise disposed of the property. On December 18, 2008, the proceeds from the auction were distributed as follows: $13,594.27 to the Canton Police Department, $5,826.11 to the Stark County Prosecutor, and $17,985.23 to the City of Canton. The Stark County Clerk of Courts issued new titles for the three forfeited vehicles to the Canton Police Department on May 7, 2008, and the Canton Police Department deposited the forfeited currency with the Clerk of Courts on June 19, 2008 after the vehicles were sold.

{¶5} On February 17, 2009, this Court issued an opinion reversing the trial court's forfeiture decision. *State v. $765 in United States Currency*, 5th Dist. Stark No. 2008CA00116, 2009-Ohio-711. We found that the trial court's decision that the items seized were derived directly or indirectly from the commission of a felony was not supported by the evidence, sustained the assignment of error, and stated that the "judgment of the court of Common Pleas of Stark County, Ohio, is hereby reversed." *Id.* The claim against the 2000 Spring Avenue N.E. real estate was settled by the parties asserting an interest in the residence in a June 30, 2008 stipulated judgment entry and was not a part of the 2009 appeal or this appeal.

{¶6} On July 13, 2012, appellant filed a motion for return of property in the forfeiture case. Subsequently on August 30, 2012, appellant filed a complaint for conversion against appellees City of Canton and the Stark County Board of

Commissioners seeking monetary damages from the conversion of appellant's property. Appellant's motion to return property in the forfeiture case was denied on September 11, 2012 as moot because the conversion action was pending. Appellant filed a motion to file an amended complaint in the conversion action on January 17, 2013, which was granted by the trial court on January 18, 2013. Appellant filed his amended complaint on January 24, 2013 and added that appellees' actions were an unconstitutional taking of property without due process or just compensation in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. Appellee Stark County Board of Commissioners filed a motion for judgment on the pleadings pursuant to Civil Rule 12(C) on February 25, 2013. Appellee City of Canton filed a motion to join the motion for judgment on the pleadings on March 11, 2013. The trial court granted the City of Canton's motion to join on March 13, 2013.

{¶7} After a response filed by appellant on March 11, 2013, the trial court, in an April 15, 2013 judgment entry, granted appellees' motion for judgment on the pleadings. The trial court determined that no demand and refusal was required to trigger the statute of limitations because the original taking was not rightful and that an action of dominion inconsistent with ownership of the property had taken place. Further, that appellant's cause of action accrued when he discovered, or, in the exercise of reasonable care, should have discovered the injury, and that the latest point at which the discovery could have occurred was February 17, 2009, when this Court reversed the forfeiture judgment. The trial court held that appellant had two years from the February 17, 2009 date to bring his complaint for conversion and that his complaint for conversion was time-barred because the filing date of August 30, 2012 was well beyond

the February 2011 expiration of the statute of limitations. The trial court further found that R.C. 2305.10 bars appellant's Fifth and Fourteenth Amendment claims.

{¶8} Appellant appeals the judgment entry of the Stark County Common Pleas Court and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT ON THE PLEADINGS."

*Motion for Judgment on the Pleadings Standard*

{¶10} A motion for judgment on the pleadings presents only questions of law. *Luthy v. Dover*, 5th Dist. No. 2011AP030011, 2011-Ohio-4604, citing *Dearth v. Stanley*, 2nd Dist. No. 22180, 2008-Ohio-487. In ruling on a motion for judgment on the pleadings, the trial court must construe the material allegations in the complaint and any reasonable inferences drawn therefrom in favor of the plaintiff. If it finds plaintiff can prove no set of facts entitling plaintiff to relief, the court must sustain a motion for judgment on the pleadings. *Boske v. Massillon City School Dist.*, 5th Dist. No. 2010-CA-00120, 2011-Ohio-580, citing *Hester v. Dwivedi*, 89 Ohio St.3d 575, 2000-Ohio-230, 733 N.E.2d 1161. However, the complaint must allege sufficient facts to support any conclusions, and unsupported conclusions are not presumed to be true. *Id.*

{¶11} Judgment on the pleadings may be granted where no material factual issue exists. However, it is axiomatic that a motion for judgment on the pleadings is restricted solely to the allegations contained in those pleadings. *Giesberger v. Alliance Police Dept.*, 5th Dist. No. 2011 CA 00070, 2011-Ohio-5940, citing *Flanagan v. Williams*, 87 Ohio App.3d 768, 623 N.E.2d 185 (4th Dist. 1993).

{¶12} Our review of the trial court's decision on a judgment on the pleadings is de novo. See *State v. Sunfronko*, 105 Ohio App.3d 504, 644 N.E.2d 596 (4th Dist. 1995). When reviewing a matter de novo, this Court does not give deference to the trial court's decision. *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 809 N.E.2d 1161, 2004-Ohio-829 (9th Dist. 2004). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

*Conversion*

{¶13} Appellant argues the trial court erred in finding his claim for conversion is time-barred pursuant to the applicable statute of limitations. We disagree.

{¶14} There is no dispute between the parties that even though R.C. 2305.09 provides a four-year statute of limitations for conversion claims, the applicable statute of limitations for appellant's claim for conversion is two years pursuant to R.C. 2744.04. R.C. 2744.04(A) provides that, "[a]n action against a political subdivision to recover damages for * * * loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action accrues." R.C. 2744.04(A).

{¶15} Appellant first argues his cause of action did not accrue until a demand and refusal occurred. The tort of conversion is defined as the "wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from

his possession under a claim inconsistent with his rights." *Bush v. Signals Power and Grounding Specialists, Inc.*, 5th Dist. Richland No. 08 CA 88, 2009-Ohio-5095. The elements required for conversion are: (1) a defendant's exercise of dominion or control; (2) over a plaintiff's property; and (3) in a manner inconsistent with the plaintiff's right of ownership. *Id.*

{¶16} In *Bush v. Signals Power & Grounding Specialists, Inc.*, this Court distinguished between two types of conversion. 5th Dist. Richland No. 08 CA 88, 2009-Ohio-5095. In the first type of conversion, the wrongful possessor properly acquires the property, but then refuses to return it upon demand. *Id.* In the second type of conversion, the wrongful possessor unlawfully acquires the property. *Id.* As stated in *Bush v. Signals Power*, the demand and refusal elements are conditional and are necessary only in the first type of conversion "if the original taking was rightful and no act of dominion or control inconsistent with the [owner's] ownership had taken place." *Id.* If possession is obtained against the will of the owner of the property and a possessor exercises dominion or control inconsistent with the ownership interests of the actual owner, no demand and refusal is required. *Id.* Further, though a demand and refusal is usually required to prove conversion, acts that are "inconsistent with the right of the plaintiff's ownership are sufficient to satisfy this requirement." *Tinter v. Lucik*, 172 Ohio App.3d 692, 2007-Ohio-4437, 876 N.E.2d 1026 (8th Dist. 2007).

{¶17} In this case, the Canton Police Department seized appellant's property pursuant to arrest, stored that property, and ultimately sold the property after the trial court's forfeiture judgment. These actions were inconsistent with appellant's ownership of the property and demonstrate the possessor in this case exercised dominion and

control over the property. Appellant did not consent to his property being seized, as evidenced by his answer in the forfeiture case disputing the taking of his property was lawful and demanding return of his property, his defense against the forfeiture action at trial, and his subsequent appeal of the forfeiture action. We agree with the trial court that, due to the actions of the possessor, no demand and refusal was required for appellant to realize he must assert legal rights against those who seized his property.

{¶18} Appellant next argues that, pursuant to the "discovery rule," the statute of limitations did not commence until appellant was reasonably on notice that his property would not be returned to him and that such date is within the statute of limitations. We disagree.

{¶19} The "discovery rule" is an exception to a general statute of limitations and provides that "a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179, 546 N.E.2d 206 (1989). The running of the statute of limitations is delayed until triggered by a "cognizable event" that would alert a reasonable person that injury has occurred. *Hutchinson v. Lehigh*, 5th Dist. Tuscarawas No. 2005AP020013, 2005-Ohio-6215. Further, "constructive knowledge of facts, rather than the actual knowledge of their significance, is enough to start the statute of limitations running under the discovery rule." *Waikem v. Cleveland Clinic Foundation,* 5th Dist. Stark No. 2011 CA 00234, 2012-Ohio-5620, quoting *Flowers v. Walker*, 63 Ohio St.3d 546, 589 N.E.2d 1284 (1992).

{¶20} We note that there is some question as to whether the "discovery rule" applies to R.C. 2744.04 as detailed by appellee Stark County Commissioners in their appellate brief.  However, we find that even if we apply the broader "discovery rule" to the instant case, appellant's conversion claim is beyond the applicable statute of limitations.

{¶21} In this case, the property appellant argues was converted was taken from appellant upon his arrest on January 14, 2007.  Appellant filed an answer to the State of Ohio's forfeiture complaint on June 4, 2007 in which appellant disputed the taking of his property was lawful and stated the property was wrongfully taken from him.  Counsel for appellant appeared at the forfeiture trial to argue against the seizure of the property.  A judgment entry of distribution was entered on April 30, 2008.  While appellant filed a notice of appeal, he failed to request or obtain a stay of execution of the forfeiture judgment.  On February 17, 2009, this Court reversed the forfeiture judgment.  Though appellant states the date at which he realized he would need to sue to recover his property was within the statute of limitations, appellant fails to specify what date triggered the statute of limitations and there is no indication when this realization of his need to sue occurred.  To adopt appellant's argument would result in an open-ended limitations period in contradiction of Ohio law regarding the "discovery rule."  Here, the latest possible "cognizable event" which would alert a reasonable person that an injury had occurred was on February 17, 2009, when this Court reversed the forfeiture judgment.  Thus, even utilizing the "discovery rule," the statute of limitations for appellant's conversion claim expired two years after the February 17, 2009 cognizable

event. Accordingly, the trial court did not err in finding that the filing date of appellant's complaint for conversion, August 30, 2012, is beyond the two-year statute of limitations.

{¶22} Appellant finally argues that his conversion claim is not time-barred because R.C. 2981.03(C) prohibits other types of claims from being filed until the forfeiture lawsuit is resolved. We disagree. R.C. 2981.03(C) provides that, "[e]xcept as otherwise provided in division (E) of this section, any replevin, conversion, or other civil action brought concerning property subject to a criminal or civil forfeiture under this chapter shall be stayed until the forfeiture action is resolved." R.C. 2981.03(C).

{¶23} The plain language of the statute does not prohibit or bar an injured party from filing claims for conversion when a civil or criminal forfeiture is pending or instruct parties that they must wait until a forfeiture action is completed to file a complaint for conversion. Rather, the statute provides that if a complaint for conversion is filed by a party while a criminal or civil forfeiture is pending, the civil complaint for conversion is stayed until the forfeiture action is resolved. Thus, R.C. 2981.03(C) does not prevent appellant's complaint for conversion from being time-barred. In addition, the forfeiture action was resolved on February 17, 2009, when this Court reversed the forfeiture judgment of the trial court. Accordingly, R.C. 2981.03(C) would not have prevented appellant from filing his complaint for conversion after February 17, 2009.

*Violations of the Fifth and Fourteenth Amendment*

{¶24} We further agree with appellees that appellant's reliance on the Fifth and Fourteenth Amendments of the U.S. Constitution for his claim does not extend the statute of limitations. In *Nadra v. Mbah*, the Ohio Supreme Court provided that the applicable statute of limitations for 42 U.S.C. 1983 ("Section 1983") claims brought in

Ohio is Ohio's general statute of limitations for personal injury found in R.C. 2305.10. 119 Ohio St.3d 305, 2008-Ohio-3918, 893 N.E.2d 829. R.C. 2305.10 provides that, "* * * an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues." R.C. 2305.10. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Pursuant to federal law, the date of accrual is the date when a party "knows or has reason to know of the injury which is the basis of his action" and the party must exercise reasonable diligence to discover the existence of the injury. *Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984).

**{¶25}** In this case, the property appellant argues was unconstitutionally seized from him was taken from appellant upon his arrest on January 14, 2007. In his June 4, 2007 answer to the forfeiture complaint, appellant disputed the taking of his property was lawful and stated the property was wrongfully taken from him. Counsel for appellant appeared at the forfeiture trial to argue against the State of Ohio's seizure of the property. This Court reversed the forfeiture judgment on February 17, 2009 and appellant knew the property had been disposed of prior to this Court's reversal of the forfeiture judgment. Even if we utilize the latest date when appellant knew or had reason to know of the injury of the wrongful seizure of his property, February 17, 2009, appellant's August 30, 2012 complaint was filed outside the applicable two year statute of limitations contained in R.C. 2305.10. Accordingly, the trial court did not err in finding appellant's claim for violations of the Fifth and Fourteenth Amendments is time-barred.

{¶26} Based on the foregoing, we overrule appellant's assignment of error and affirm the April 15, 2013 judgment entry of the Stark County Common Pleas Court.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur