[Cite as *Wynn v. Waynesburg Rd., L.L.C.*, 2018-Ohio-3858.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## CARROLL COUNTY

MICHAEL J. WYNN,

Plaintiff-Appellee,

v.

WAYNESBURG RD LLC ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 CA 0921.**

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 16 CVH28488.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Aletha Carver*, Krugliak, Wilkins, Griffiths & Dougherty, 4775 Munson Street, N.W., Canton, Ohio 44735, for Plaintiff-Appellee, and

*Atty. Kelley Bryan Broadwater,* Childers and Smith LLP, 70 Public Square, Carrollton, Ohio 44615, for Defendants-Appellants.

Dated:
September 24, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Waynesburg Rd., LLC, appeals the Carroll County Common Pleas Court's judgment granting plaintiff-appellee's, Michael Wynn's, motion to enforce a settlement agreement.

{¶2} In 2013, appellee was seeking to sell a large portion of land he owned in Carrollton, Ohio. Appellee owned approximately 156.342 acres of land (the property). Appellee sought to sell approximately 142.382 acres of land on the northern side of the property. Appellee sought to keep the remaining acres on the southern side of the property. Appellee was introduced to appellant as a potential purchaser of the property.

{¶3} The parties discussed that appellee's intention to sell a large portion of the property but retain possession of approximately fourteen acres on the southern side of the property. The parties entered into a contract for the sale of the property. Unbeknownst to appellee, the contract was for the entire property. Appellee was not aware that he did not own the southern portion of the property until January of 2014.

{¶4} On May 4, 2016, appellee filed this action seeking, among other things, reformation of the deed for the property on a theory of mutual mistake. During the course of this action, the parties agreed to non-binding mediation.

{¶5} The mediation took place on January 12, 2017. Appellee was present at the mediation with his counsel. William Clink, appellant's president, was not present at the mediation. Appellant's counsel was present and was consulting with Clink via phone throughout the mediation. At the conclusion of the mediation, the mediator reached a settlement agreement between the two parties which was reduced to writing. The agreement was signed by all parties present at the mediation. At some point after the mediation, appellee complied with his responsibilities under the agreement but appellant did not comply with its responsibilities.

{¶6} On May 1, 2017, appellee filed a motion to enforce the settlement agreement. The trial court scheduled a hearing on this motion for July 12, 2017. On June 8, 2017, appellee filed a supplemental motion to enforce the settlement agreement

and a motion for attorney's fees and costs. Appellant did not file an opposition to either of these motions.

{¶7} At the July 12, 2017 hearing, appellant indicated that it did not want to follow through with the settlement because it would not "want to commit to another agreement to which [appellant] may later have regrets, or may not be able to follow through with." (Tr. 7). There was also a potential issue with fund availability for the settlement agreement on appellant's part. (Tr. 8). Appellant was also given the opportunity to counter the arguments made in appellee's motions but declined to do so. (Tr. 13). The trial court noted that appellant was not alleging fraud, duress, or undue influence, and that appellant was not factually disputing the existence of the terms of the settlement agreement. (Tr. 13-14). Appellant confirmed that it was not alleging fraud, duress, or undue influence, and that it was not factually disputing the terms of the agreement. (Tr. 14). The trial court then entered judgment in favor of appellee.

{¶8} The trial court's ruling was memorialized in a judgment entry dated July 17, 2017. Appellant timely filed a notice of appeal on August 16, 2017.  In a judgment entry dated September 8, 2017, this Court stayed the appeal due to the unresolved motion for attorney's fees filed by appellee. On December 15, 2017, the parties filed a joint notice of resolution where they notified this Court that the issue of attorney's fees had been resolved and requested this action be placed on the active docket. In a judgment entry dated February 8, 2018, this Court returned this action back to active status. Appellant now raises one assignment of error.

{¶9} Appellant's sole assignment of error states:

> THE TRIAL COURT ERRED BY INCORPORATING A NON-BINDING MEDIATION OUTCOME INTO ITS JUDGMENT ENTRY DATED JULY 17, 2017 WHEN ALL OF THE PARTIES WERE NOT IN AGREEMENT WITH THAT OUTCOME.

{¶10} Appellant argues that the mediation it engaged in was non-binding and that it did not agree to any outcome as a result of the mediation. Appellant argues that because it did not agree to the outcome of the mediation, the trial court's judgment enforcing the outcome of the mediation was error.

{¶11} We do not need to reach the merits of appellant's argument because appellant waived any review by this Court by not raising this issue with the trial court. The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Anwan*, 22 Ohio St. 3d 120, 489 N.E.2d 277 (1986) citing *State v. Childs*, 14 Ohio St. 2d 83, 236 N.E.2d 545 (1968).

{¶12} Appellee filed two motions to enforce the settlement agreement. The first motion was filed on May 1, 2017. The second motion was filed on June 8, 2017. Appellant did not file a response to either motion.

{¶13} Moreover, at the July 12, 2017 hearing on appellee's motion to enforce the settlement agreement, appellant stated that it was not willing to follow through with the settlement agreement but gave either vague or no arguments as to why. Appellant indicated that it did not want to follow through with the settlement out of fear that it would not "want to commit to another agreement to which [appellant] may later have regrets, or may not be able to follow through with." (Tr. 7). There was also a potential issue with fund availability for the settlement agreement on appellant's part. (Tr. 8). Finally, the following exchange occurred between the trial court and appellant's counsel:

> **The Court**: Well, the Court will then - - the Court would find that your client is not alleging fraud, not alleging duress, or [undue] influence, nor factually disputing having any factual dispute concerning the existence or the terms of the settlement agreement because I have no evidence offered by you to that affect. Is that accurate for the Court to - -
>
> **Mrs. Broadwater**: That is accurate, Your Honor.
>
> **The Court**: So the Court so finds.

Tr. 13-14.

{¶14} Based on the above portions of the July 12, 2017 transcript and on appellant's failure to file a response to appellee's two motions to enforce the settlement

agreement, appellant waived review of this issue on appeal by failing to challenge the existence of the settlement agreement with the trial court.

{¶15} Addressing the merits of appellant's assignment of error does not change the result. Settlement agreements are highly favored as a means for resolving disputes between parties because they serve to prevent or bring to a close additional litigation. *State ex rel. Wright v. Weyandt*, 50 Ohio St.2d 194, 197, 363 N.E.2d 1387 (1977). A settlement agreement is an enforceable contract resolving a legal dispute by preventing or ending litigation. *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). "A contract is generally defined as a promise, or a set of promises, actionable upon breach." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, at ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). The trial court has full authority to enforce settlement agreements that have been voluntarily entered into by the parties. *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984). In order to be enforceable, a contract must have "an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik* at ¶ 16. There also must be a meeting of the minds as to the essential terms of the contract. *Id.*

{¶16} There is a two-fold standard of review that applies to a ruling on a motion to enforce a settlement agreement. Regarding legal questions concerning the interpretation of the settlement agreement, an appellate court is to determine whether the trial court applied an erroneous legal standard or misconstrued the law. *Continental W. Condominium Unit Owners Assn., supra* at 502, 660 N.E.2d 431. Where the question at issue is a factual or evidentiary one, the trial court's findings will not be overturned if there was sufficient evidence to support such a finding. *Chirchiglia v. Ohio Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679, 742 N.E.2d 180 (7th Dist. 2000).

{¶17} Appellant makes only two arguments challenging the settlement agreement. First, that the trial court "entered judgment without reaching any of the merits." (Brief of Appellant 3). Second, that the trial court was enforcing the outcome of non-binding mediation without all of the parties' consent. Based on these arguments,

appellant factually disputes that it consented to the settlement reached at the January 12, 2017 mediation. Therefore, this argument is subject to the standard of review set forth by this Court in *Chirchiglia*.

{¶18} After reviewing the record, there was a valid settlement agreement between the parties that was reached at the January 12, 2017 mediation. This agreement was signed by appellee, appellee's counsel, and twice by appellant's counsel. Appellant's counsel presumably signed the agreement a second time on behalf of William Clink as Clink did not personally attend the mediation. Finding that there was a valid settlement agreement, the trial court's judgment granting appellee's motion to enforce the settlement agreement was not error.

{¶19} Accordingly, appellant's sole assignment of error lacks merit and is overruled.

{¶20} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs

Robb, P. J., concurs

[Cite as *Wynn v. Waynesburg Rd., L.L.C.*, 2018-Ohio-3858.]

_____

     For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

     A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**