[Cite as *Valentine v. PayPal, Inc.*, 2021-Ohio-1159.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

THOMAS VALENTINE,

Plaintiff-Appellant,

v.

PAYPAL, INC.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 JE 0010

---

Civil Appeal from the
Steubenville Municipal Court of Jefferson County, Ohio
Case No. 20 CVI 50

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

Thomas Valentine, *Pro Se,* 723 Brady Avenue, Unit A, Steubenville, Ohio 43952, Plaintiff-Appellant and

*Atty. Eric J. Becker,* and *Atty. Christopher Gordon,* Hahn Loeser & Parks LLP, 65 East State Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellee.

Dated: March 29, 2021

_____

**D'APOLITO, J.**

{¶1} Pro se Appellant, Thomas Valentine, appeals from the April 7, 2020 judgment of the Steubenville Municipal Court overruling his objection and adopting a magistrate's decision determining that he has no claim for breach of contract against Appellee, PayPal, Inc.[1] On appeal, Valentine asserts the trial court abused its discretion in adopting the magistrate's decision. Valentine specifically alleges the court erred in failing to consider the entire contract between him and PayPal. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Valentine is a small business owner. He first began using PayPal and eBay in 2006 and, thus, is subject to their user agreements. He has processed over $300,000 worth of online sales, thereby generating thousands of dollars in revenue for PayPal and eBay as a result of fees collected on each transaction.

{¶3} The "PayPal Account User Agreement" outlines "PayPal's Purchase Protection Program" which states:

> When you buy something from a seller who accepts PayPal, you may be eligible for a refund under PayPal's Purchase Protection program. When applicable, PayPal's Purchase Protection program entitles you to reimbursement for the full purchase price of the item plus the original shipping costs you paid, if any. PayPal determines, in its sole discretion, whether your claim qualifies for the Purchase Protection program. PayPal's original determination is considered final, but you may be able to file an appeal of the decision with PayPal if you have new or compelling

_____

[1] PayPal is an American company which operates a worldwide online payments system and collects a small percentage fee on each transaction. eBay is an American multinational e-commerce corporation which facilitates sales through its website. eBay offers PayPal as a safe and efficient way to pay for purchases and receive payment for sales.

Case No. 20 JE 0010

information not available at the time of the original determination or you believe there was an error in the decision-making process.

(Defendant's Exhibit A, PayPal Account User Agreement, p. 12)

{¶4}    Additionally, PayPal's dispute resolution process states that "PayPal will make a decision * * * in its sole discretion[.]"  (*Id.* at 15).  The PayPal User Agreement permits PayPal the necessary authority to "refund or reverse" a transaction from a seller's account.  (*Id.* at 19).  The PayPal User Agreement also states that "If you have a dispute with any other PayPal account holder, you release PayPal from any and all claims[.]"  (*Id.* at 37).

{¶5}    Valentine advertised a new Dell computer for sale on eBay in December 2018.  On December 20, 2018, Roi Hadad, an Israeli buyer, purchased the computer and paid via PayPal.  The sale amount was $1,199.99, including shipping.  The buyer received the computer on January 3, 2019.  In March 2019, the buyer rejected the computer claiming it was refurbished and not new as advertised.  On March 20, 2019, the buyer used the PayPal Purchase Protection program and filed a claim with PayPal demanding a refund.  Valentine was contacted and submitted evidence to PayPal which he felt showed that the merchandise was new and not refurbished.  PayPal collected and analyzed information from both the buyer and Valentine.  PayPal determined to reimburse the buyer the full cost of the computer and, thereby, ruled against Valentine.  On April 2, 2019, Valentine received the refurbished computer back from the buyer.  PayPal debited $1,199.99 from Valentine's account.

{¶6}    In January 2020, Valentine filed a small claims complaint against PayPal alleging breach of contract.  A hearing was held before the magistrate on February 28, 2020.  Valentine appeared pro se.  An attorney appeared on behalf of PayPal.

{¶7}    On March 6, 2020, the magistrate filed a decision to dismiss Valentine's complaint.  Valentine filed an objection.  The trial court overruled the objection and adopted the magistrate's decision on April 7, 2020.

{¶8}    Valentine filed a timely pro se appeal and raises one assignment of error.[2]

---

[2] It appears Valentine failed to follow the dictates of App.R. 13(E), "Filing and service."  However, PayPal filed an appellate brief in response to Valentine's brief.  As a result, and in the interest of justice, this court will not dismiss this appeal for this reason alone.

Case No. 20 JE 0010

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE ENTIRE CONTRACT BETWEEN [VALENTINE] AND [PAYPAL], AND THE PARTIES' DUTY TO GOOD FAITH AND FAIR DEALING.**

**{¶9}** "An appellate court reviews the trial court's adoption of a magistrate's decision under an abuse of discretion standard. *Proctor v. Proctor*, 48 Ohio App.3d 55, 548 N.E.2d 287 (3d Dist.1988). The trial court's determination will only be reversed where it appears the trial court's action was unreasonable or arbitrary. *Id.*" *Kurilla v. Basista Holdings, LLC,* 7th Dist. Mahoning No. 16 MA 0101, 2017-Ohio-9370, ¶ 17.

> In order to establish a breach of contract claim, a plaintiff must demonstrate by a preponderance of the evidence that: (1) a contract existed, (2) the plaintiff fulfilled its obligations, (3) the defendants failed to fulfill their obligations, and (4) damages resulted from this failure. *Fed. Natl. Mtge. Assn. v. Brown*, 7th Dist. Columbiana No. 16 CO 0008, 2017-Ohio-9237, ¶ 26. A preponderance of the evidence "is evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not (* * *) or evidence which is more credible and convincing to the mind." *Alazaus v. Haun*, 7th Dist. Carroll No. 740, 2001-Ohio-3230. quoting Black's Law Dictionary (6th Ed. Abr. 1991) 819.

*Snyder v. Lawrence*, 7th Dist. Carroll No. 19 CA 0938, 2020-Ohio-3358, ¶ 26.

**{¶10}** In this case, no material facts are in dispute. To open and operate a PayPal account, Valentine entered into a User Agreement. (Defendant's Exhibit A, PayPal Account User Agreement). Valentine agreed to abide by PayPal's buyer-seller dispute resolution process, gave PayPal "sole discretion" in resolving disputes, and agreed to be liable for the full amount of any refunds issued "for any reason," including a "Significantly Not as Described" claim made by a buyer. (*Id.* at 12-13, 15, 19). Valentine fails to

establish any failure by PayPal in not fulfilling its obligations and fails to demonstrate damages as a result of any such failure. *See Snyder, supra,* at ¶ 26.

**{¶11}** Again, PayPal received a "Significantly Not as Described" claim, requested and obtained information from both the buyer and Valentine, and made in its sole discretion a final decision to reimburse the purchase price to the buyer and return the refurbished computer back to Valentine. The record is clear that PayPal's determination is "final" and it did not breach any contract. (Defendant's Exhibit A, PayPal Account User Agreement, p. 12).

**{¶12}** In his brief, Valentine also raises a good-faith-and-fair-dealing claim. However, this new, separate claim has been raised for the first time on appeal. Thus, "[w]e do not need to reach the merits of [Valentine's] argument because [he] waived any review by this Court by not raising this issue with the trial court." *Wynn v. Waynesburg Rd LLC,* 7th Dist. Carroll No. 17 CA 0921, 2018-Ohio-3858, ¶ 11.

**{¶13}** In any event, however, we note that "[a] party to a contract does not breach the implied duty of good faith and fair dealing by seeking to enforce the agreement as written[.]" *Lucarell v. Nationwide Mut. Ins. Co.,* 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 5. In the case at bar, PayPal did enforce the agreement as written. PayPal merely acted in a permitted manner under the contract's express terms by deciding the buyer-seller dispute in its "sole discretion." The record reveals Valentine agreed to release PayPal from the claims asserted in his complaint. *See* (Defendant's Exhibit A, PayPal Account User Agreement, p. 37).

**{¶14}** Upon consideration, the trial court did not abuse its discretion in overruling Valentine's objection and adopting the magistrate's decision determining that Valentine has no claim for breach of contract against PayPal.

## CONCLUSION

**{¶15}** For the foregoing reasons, Valentine's sole assignment of error is not well-taken. The judgment of the Steubenville Municipal Court adopting the magistrate's decision determining that Valentine has no claim for breach of contract against PayPal is affirmed.

Case No. 20 JE 0010

Donofrio, P.J., concurs.

Waite, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Steubenville Municipal Court of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**