**ABDALLA, Appellant,**

**v.**

**OLEXIA et al., Appellees.**

[Cite as *Abdalla v. Olexia* (1996), 113 Ohio App.3d 756.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 95–J–7.

Decided Aug. 30, 1996.

*Vincent S. Gurrera,* for appellant.

*William C. Green* and *William A. Kyler,* for appellees.

O'NEILL, Presiding Judge.

The appellant, Fred Abdalla, appeals from a final order of the Jefferson County Common Pleas Court dismissing his action against appellees, Albert Olexia, David Hindman, the Jefferson County Commissioners' Office, Stephen Stern and the Jefferson County Prosecutor's Office.

In June 1990, appellant was indicted by a federal grand jury on six counts of extortion and on one count of obstruction of justice. The indictment essentially alleged that, as Jefferson County Sheriff, the appellant had accepted bribes or kickbacks in exchange for disregarding his public duties. The indictment result-

ed from a federal investigation in which appellee Stern, the Jefferson County Prosecutor, allegedly participated.

Appellant requested that he be provided legal representation by the Jefferson County Prosecutor's Office with regard to the federal indictment. The appellee Stern declined to represent the appellant and allegedly advised him to retain his own legal counsel at his own expense. Appellant did so and was subsequently found to be not guilty of the charges set forth in the indictment. The appellant subsequently filed a request with the Jefferson County Commissioners' Office that he be reimbursed for legal fees expended by him with regard to the indictment. Apparently, this request was never officially acted upon by the county commissioners. Thereafter, on December 7, 1994, the appellant filed a complaint in the trial court against the appellees. This complaint asserted various causes of action against the appellees for failure to perform their official duties, including violation of constitutional rights and intentional or negligent infliction of emotional distress, and actions by the defendants which amounted to malicious purpose, bad faith and wanton and recklessness. All of the appellant's claims revolved around appellees' failure to hire independent counsel to represent the appellant.

In addition, the complaint concerns appellee Stern's alleged conflict of interest in failing to inform appellant that Stern was cooperating with the federal investigation and that the appellant should petition the court of common pleas for authorization to hire independent counsel.

Upon appellees' motion, the trial court dismissed the appellant's action.

The trial judge, in ruling on the motion, very specifically found that "the claim for attorneys fees for reimbursement of privately retained counsel, after the fact, is time barred as to all defendants; and the claims of conflict of interest and failure to advise fail as a matter of law."

█ As to the time-bar issue, very clearly the complaint of the plaintiff-appellant should have been filed within two years of the time that the prosecutor allegedly gave the plaintiff-appellant the wrong advice in not advising him of the proper way to secure independent counsel at the expense of the county. R.C. 2744.04(A) reads as follows:

"An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action arose, or within any applicable shorter period of time for bringing the action provided by the

Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state."

The overriding and prevailing allegation of the plaintiff-appellant's complaint is a charge of fraud on the part of the prosecutor and the county commissioners. The general statute of limitations, relative to bringing an action based upon fraud, sets forth that such an action must be brought within four years after the cause accrued. R.C. 2305.09(C). There is thus a conflict between the general statute (R.C. 2305.09) and the special statute (R.C. 2744.04) which deals with actions against political subdivisions. In such a circumstance, the special statute prevails over the general statute.

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C. 1.51.

"Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence." *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus.

However, the appellant did not have the knowledge that the prosecutor was, in fact, in a position that was contrary to the appellant's position when he requested his assistance. In good faith, all that the appellant could do at that time was to rely upon the advice of the prosecutor, and that advice was to hire outside counsel. Even if at that time the appellant had an idea that the prosecutor was actively engaging in a sting operation against him, he could not order or demand that the prosecutor and the county commissioners go to the common pleas court and have the common pleas court order employment of outside counsel. He does not have that authority. The appropriate two-year statute of limitations commenced to run when the appellant knew or should have known of the opposing position of the prosecutor and the error in his advice. A layman untrained in the law is entitled to and, in fact, to some extent required to rely upon advice of his legal counsel, in this case the legal counsel being the Jefferson County Prosecutor. When common sense dictates that the appellant knew or should have known that the advice of the prosecutor was misleading, action was required upon the appellant's part.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for a hearing to establish that date upon which appellant knew or should have known that the advice rendered to him by the prosecutor was not

completely correct. In calculation of the statute of limitations, that date shall be the benchmark.

GENE DONOFRIO and COX, JJ., concur.

*Judgment reversed
and cause remanded.*