JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Dominion Resources Services, Inc. ("Dominion"), appeals from a common pleas court order dismissing its claims for negligence and trespass/nuisance against defendant-appellee, the City of Cleveland (the "City")[1] as barred by the statute of limitations. Dominion urges that the court should have applied the four-year limitations period set forth in R.C. 2305.09 rather than the two-year limitations period set forth in R.C. 2744.04(A) to its trespass/nuisance claim. We find no error in the court's application of the two-year statute of limitations set forth in R.C. 2744.04(A). Accordingly, we affirm.
 {¶ 2} The complaint in this case was originally filed in April 2005, and was voluntarily dismissed and refiled on January 23, 2007. In its complaint, Dominion alleged that on January 24, 2003, it learned that a City water line was leaking in the vicinity of East 18th
Street and Euclid Avenue, causing damage to Dominion's fixtures in that area and preventing Dominion from providing heat to its customers. Dominion claimed that it incurred some $60,147 in expenses as a result of the damage caused by the City. Dominion's first cause *Page 2 
of action alleged that the damage to its fixtures was proximately caused by the City's failure "to exercise reasonable care in performing its work and/or maintaining its facilities." The second cause of action asserted that the City had physically invaded and damaged Dominion's fixtures to land without authority or privilege to do so.
 {¶ 3} The City answered and moved to dismiss the complaint as barred by the statute of limitations. Dominion responded. The court concluded that the action was one in trespass, and that a two-year statute of limitations applied. The court determined that the action was not timely when it was first filed in April 2005, and therefore the savings statute did not apply. Consequently, the court dismissed the action.
 {¶ 4} In this appeal, Dominion argues that the more "specific" four-year statute of limitations of R.C. 2305.09 should prevail over the "general" two-year statute of limitations set forth in R.C. 2744.04. Dominion contends that R.C. 2305.09(A) is the more specific provision because it relates to causes of action "for trespassing upon real property," while R.C. 2744.04 provides the limitations period for the more general "action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * *." *Page 3 
 {¶ 5} Appellant correctly cites to the long-standing rule of statutory construction which holds a special statutory provision prevails as an exception to a conflicting general statute. This rule is codified at R.C. 1.51, which provides that "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." See, also, Village Condominiums Owners Assn. v. Montgomery Cty. Bd. OfRevision, 106 Ohio St.3d 223, 2005-Ohio-4631, ¶ 10.
 {¶ 6} Dominion's argument goes astray, however, when it claims that R.C. 2305.09(A) is the "special" provision which should have precedence. R.C. 2744.04 is the special provision. Under R.C. 2305.03, the limitations periods prescribed in R.C. 2305.04 to 2305.22 govern "unless a different limitation applies by statute." In this case a different limitation applies by statute, namely, R.C. 2744.04. R.C. 1.51 does not require that the more general statute should prevail, because R.C. 2305.09 was adopted before R.C. 2744.04, and in any case, it does not manifest a legislative intent that it should apply over the more specific provision in R.C. 2744.04. See Abraham v. National City BankCorp. (1990), 50 Ohio St.3d 175, 177-78. Given the conflict between these two provisions, the "special" provision applicable particularly to actions against *Page 4 
political subdivisions (R.C. 2744.04), prevails over the more general provision applicable to actions against any defendant (R.C. 2305.09).Abdalla v. Olexia (1996), 113 Ohio App.3d 756; West 11thStreet Partnership v. Cleveland, Cuyahoga App. No. 77327, 2001-Ohio-4233. Therefore, the court did not err by applying the two-year statute of limitations set forth in R.C. 2744.04 and by finding that Dominion's claim was barred by the statute of limitations.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] The originally-named defendant in this case was "Division of Water, City of Cleveland." An amended complaint filed, with leave, on October 2, 2007 corrected the defendant's name to the "City of Cleveland." *Page 1