[Cite as *Mauldin v. Youngstown Water Dept.*, 2019-Ohio-5065.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

DOROTHY MAULDIN,

Plaintiff-Appellant,

v.

YOUNGSTOWN WATER, DEPARTMENT, et al.

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0010**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 17 CV 1274

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Matthew C. Giannini*, 1040 S. Commons Place, Suite 200, Youngstown, Ohio 44514 for Plaintiff-Appellant and

*Atty. Jeffrey Limbian*, City of Youngstown, Law Director, 26 South Phelps Street, 4th Floor, Youngstown, Ohio. 44503, *Atty. Kathleen Thompson,* Sr. Asst. Law Director, 9 W. Front Street, 3rd Floor, Youngstown, Ohio 44503, for Defendants-Appellees.

Dated:  December 5, 2019

---

**Robb, J.**

**{¶1}**     Plaintiff-Appellant Dorothy Mauldin appeals the decision of the Mahoning County Common Pleas Court granting summary judgment in favor of Defendant-Appellee Youngstown Water Department et al.   The court found the action was untimely filed outside of the two-year statute of limitations in R.C. 2744.04(A) which applies to an action to recover damages against a political subdivision for injury to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function.   Appellant's argument that the court should apply the general four-year statute of limitations in R.C. 2305.09(D) is overruled.   Appellant also argues the political subdivision was not immune due to the exception to immunity for negligent performance of a proprietary function.   However, that issue was not before the trial court, and the court did not issue a ruling on immunity.   For the following reasons, the trial court's judgment is affirmed.

<u>STATEMENT OF THE CASE</u>

**{¶2}**     On May 22, 2017, Appellant filed suit alleging the water department was to turn off the water to a house she owned as she requested on July 10, 2013, but the water department negligently or recklessly performed this function which caused flooding.  She sought to recover for the damages to the house.  In addition to the city water department, the complaint named as defendants the mayor and the water commissioner in their representative capacities[1] (hereinafter collectively referred to as "the city"). The city filed an answer for itself and the named defendants raising affirmative defenses such as statute of limitations and immunity.

---

[1] *See Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 21 (naming an officeholder in his official capacity as a defendant can be considered "the equivalent of suing the political subdivision" for purposes of applying political subdivision immunity test rather than the employee immunity test).   *See also Parmelee v. Schnader*, 7th Dist. Mahoning No. 17 MA 0026, 2018-Ohio-707, ¶ 39 (discussing legal capacity of a department inability to be sued as non sui juris).   *Compare* R.C. 715.08; R.C. 743.01 et seq. (governing a city's operation of a waterworks) *with* R.C. 6119.06(D) (a regional water district can sue or be sued).

<u>Case No. 19 MA 0010</u>

**{¶3}** In a motion for summary judgment, the city argued the action was barred by the two-year statute of limitations in R.C. 2744.04(A) applicable to an action against a political subdivision for injury to person or property caused by an act or omission in connection with a governmental or proprietary function. It was urged that this special provision prevailed over any general statute of limitations. The city attached answers to interrogatories, wherein Appellant attested that the date she discovered the flood and damage was November 28, 2013; also attached was a document Appellant produced in discovery representing the claim she submitted to the city on December 8, 2013. Using the date Appellant discovered the event to begin the limitations period, the city concluded the action should have been filed by November 28, 2015.

**{¶4}** Appellant's response to the city's summary judgment motion reviewed the statutory test for political subdivision immunity and applied the exception to immunity in R.C. 2744.02(B)(2) for the negligent performance of acts by employees with respect to proprietary functions. *Citing* R.C. 2744.01(G)(2)(c) (defining a proprietary function as including the maintenance and operation of a utility such as a "municipal water supply system") and *Matter v. Athens*, 2014-Ohio-4451, 21 N.E.3d 595 (4th Dist.) (the city's negligent maintenance of water lines servicing a house involves a proprietary function). Appellant said the city was not relieved of liability if the proprietary function (of turning off the water to the house as instructed in July 2013) was negligently performed, urging negligence remained a genuine issue for trial.

**{¶5}** In support of her argument on negligence, she submitted a work order showing the city received a request for water shut off on July 9, 2013 and arrived at the property the next day. After reporting the meter reading, an employee wrote, "Need w/order   Notify shop to repair rod for final." Appellant relied on the contents of her written claim submitted to the city to establish:  water flooded the house from the upstairs bathroom causing damages; a city employee arrived within an hour of her call; the employee told her something was wrong with the shut-off valve at the street; and he turned off the water from the basement.

**{¶6}** Although Appellant's response to summary judgment admitted she discovered the injury on November 28, 2013, the city's statute of limitations argument was not countered. A heading in the response stated, "O.R.C. 2744.02(B) provides an

exception to the applicable statute of limitations." The content under the heading did not address the statute of limitations and recited how R.C. 2744.02(B) provided an *exception to immunity* (for negligence in a proprietary function).

**{¶7}** On December 17, 2018, the court granted the motion for summary judgment finding the tort action for damages was barred by the two-year statute of limitations. Pointing to November 28, 2013 as the date the damages were admittedly discovered, the court concluded the May 22, 2017 complaint was filed well outside the two-year statutory time frame for filing the action. Appellant filed a timely notice of appeal.

<u>ASSIGNMENT OF ERROR ONE: STATUTE OF LIMITATIONS</u>

**{¶8}** Appellant sets forth two assignments of error, the first of which contends:

"THE TRIAL COURT ERRED WHEN IT GRANTED DISMISSAL OF PLAINTIFF'S COMPLAINT UNDER CIVIL RULE OF PROCEDURE 56(C) AGAINST THE CITY OF YOUNGSTOWN AND THE YOUNGSTOWN WATER DEPARTMENT BASED ON THE STATUTE OF LIMITATIONS."

**{¶9}** Pursuant to the statute of limitations applied by the trial court, "An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code." R.C. 2744.04(A) (this "applies to actions brought against political subdivisions by all persons"). The trial court found and the parties agree the cause of action accrued on November 28, 2013, when Appellant discovered the water issue.[2] The complaint was filed on May 22, 2017, more than two years from this agreed accrual date.

**{¶10}** R.C. 2305.09 provides four years to sue after a cause of action accrues for: (A) trespassing on real property; (B) recovery of personal property (or for detaining or

---

[2] *See Cohen v. Bedford Heights*, 8th Dist. Cuyahoga No. 101739, 2015-Ohio-1308, ¶ 10-15 (finding the discovery rule applies to the two-year statute of limitations in R.C. 2744.04(A), and the cause of action did not arise until the plaintiff knew, or by the exercise of reasonable diligence should have known, he was injured by the defendant's conduct). *See also Abdalla v. Olexia*, 113 Ohio App.3d 756, 759, 682 N.E.2d 18 (7th Dist.1996). We note application of the delayed damages rule, instead of a discovery rule, would not change the analysis here; using the date the negligent act occurred would also not change the result in this case.

<u>Case No. 19 MA 0010</u>

taking it); (C) fraud; (D) injury to the rights of the plaintiff not arising on contract nor enumerated in certain listed sections (such as the statute of limitations for bodily injury or injury to personal property); and (E) for relief on the grounds of a physical or regulatory taking of real property. The general limitations period in division (D) of R.C. 2305.09 would include a claim for tortious damage to real property. *Harris v. Liston*, 86 Ohio St.3d 203, 205, 714 N.E.2d 377 (1999); *Commonwealth Real Estate Investors v. Paolone*, 7th Dist. Mahoning No. 09 MA 51, 2010-Ohio-751, ¶ 17. Without discussing the ramifications of the statute of limitations in R.C. 2744.04(A), Appellant states her complaint set forth an action for negligently causing damages to real property and would not be time barred if the statute of limitations in R.C. 2305.09(D) was applied.

{¶11} Firstly, Appellant did not cite R.C. 2305.09 or raise a four-year statute of limitations to the trial court in response to the city's motion for summary judgment. A failure to preserve an issue in the trial court waives the issue for purposes of appeal. *Wynn v. Waynesburg Rd LLC*, 7th Dist. Carroll No. 17 CA 0921, 2018-Ohio-3858, ¶ 11; *Stanton v. Marc's Store*, 7th Dist. Mahoning No. 15 MA 49, 2015-Ohio-5551, ¶ 35 (alternate theory not raised in opposition to summary judgment was waived), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210, 436 N.E.2d 1001 (1982) ("the fundamental rule is that an appellate court will not consider any error which could have been brought to the trial court's attention"). Furthermore, Appellant's contention, raised for the first time on appeal, is without merit.

{¶12} The specific language in R.C. 2744.04(A) provides a plaintiff two years to file an action seeking to recover damages against a political subdivision for injury to property caused by acts or omissions in connection with a governmental or a proprietary function. Appellant does not dispute her cause of action is the type described by this provision. The statute requires the action to be brought "within two years after the cause of action accrues, *or within any applicable shorter period* of time for bringing the action provided by the Revised Code." (Emphasis added.) R.C. 2744.04(A). It does not state "or within any applicable longer period." Moreover, another statute provides, "*unless a different limitation is prescribed by statute*, a civil action may be commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." (Emphasis added.) R.C. 2305.03(A). A different limitation period is prescribed by R.C. 2744.04(A).

**{¶13}** In concluding the four-year limitations period should apply even where the plaintiff is suing a political subdivision for damages caused by negligence, Appellant relies solely on a Fifth District case where a city engineer advised the city planning commission to approve a subdivision plat for a developer whom the city engineer represented through his private firm while allegedly knowing of an undisclosed threat from the high water table. *Luthy v. Dover*, 5th Dist. Tuscarawas No. 2011AP030011, 2011-Ohio-4604. In a section dealing with the city engineer, who was alleged to have acted outside of his official duties and committed an intentional tort, the appellate court agreed with the trial court's alternative findings that the claims would be barred under various statutes of limitations, including the four-year period in R.C. 2305.09(D). *Id.* at ¶ 15-21, 23. However, *in the section dealing with the claim against the city*, the Fifth District agreed with the trial court's application of the two-year statute of limitations in R.C. 2744.04 to bar the claim for recovery of damages against the city for the conduct of its city engineer while he acted for the city. *Id.* at ¶ 22-23. As the *Luthy* court applied the two-year statute of limitations in R.C. 2744.04 to the claim against the city, the case does not support Appellant's contention that the action against the city and its water department was timely.

**{¶14}** This court has previously concluded that where the special two-year statute of limitations in R.C. 2744.04(A) applies to an action against a political subdivision, it prevails over an arguably applicable general statute of limitations including the four-year period in R.C. 2305.09(C) for fraud. *Abdalla v. Olexia*, 113 Ohio App.3d 756, 759, 682 N.E.2d 18 (7th Dist.1996). We pointed out that if a conflict between a general and a special provision is irreconcilable, then the special provision prevails as an exception to the general provision, unless the manifest intent is for the general provision to prevail and the general provision is the later adoption. *Id.*, citing R.C. 1.51. We found no such manifest intent and held the action against the county prosecutor and commissioners was subject to the two-year political subdivision statute of limitations rather than the general four-year statute of limitations in R.C. 2305.09(C) for fraud actions. *Id.*

**{¶15}** There is similar law holding that a claim seeking damages against a political subdivision for trespass is subject to the special two-year statute of limitations in R.C. 2744.04(A), rather than the more general provision in R.C. 2305.09(A), which applies to an action against any defendant. *See, e.g., Davis v. Clark Cty. Bd. of Commrs.*, 2013-

Ohio-2758, 994 N.E.2d 905, ¶ 23 (2d. Dist.); *Dominion Resources Servs. v. Cleveland Div. of Water*, 8th Dist. Cuyahoga No. 90641, 2008-Ohio-4855, ¶ 6, 9. Regardless, this case is not dependent on the validity of holdings that R.C. 2744.04(A) is more specific than the four-year statute of limitations in division (A) of R.C. 2305.09 for trespass or division (C) of R.C. 2305.09 for fraud.

{¶16} In the case at bar, Appellant is relying on *an even less specific* division in R.C. 2305.09. She seeks to apply division (D) of R.C. 2305.09, involving "an injury to the rights of the plaintiff not arising on contract nor enumerated in [listed sections]." This provision is more general than the other divisions of this section. *Compare* R.C 2305.09(A) (trespassing), (B) (recovery of personal property or for taking or detaining it), (C) (fraud), (E) (physical or regulatory taking of real property). Division (D) of R.C. 2305.09 contains a catch-all or residual statute of limitations. *Corpman v. Boyer*, 171 Ohio St. 233, 234, 169 N.E. 14 (1960) (stating this "catchall clause" applies to actions that are not otherwise limited); *Laipply v. Bates*, 166 Ohio App.3d 132, 2006-Ohio-1766, 849 N.E.2d 308, ¶ 10 (7th Dist.). *See also Hardale Inv. Co. v. Department of Nat. Res.*, 7th Dist. Belmont No. 98-BA-40 (Apr. 14, 2000) (describing R.C. 2305.09(D) as a "residual clause"). This general provision does not demonstrate a manifest intent to prevail over the statute of limitations particularly applicable to actions seeking to recover damages for injury to person or property against a political subdivision under R.C. 2744.04(A). *See* R.C. 1.51.

{¶17} In addition, R.C. 2744.04(A) is the later enactment. *See* R.C. 1.51 (if a general provision irreconcilably conflicts with special provision, then the special provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevails). *See also* R.C. 1.52(A) (if statutes are irreconcilable, then the statute latest in date of enactment prevails). The statute relied upon by the city is part of the Political Subdivision Tort Liability Act which was enacted in 1985 to reinstate common law immunity for tort claims in certain circumstances and to provide a special limitations period. *See generally Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 13 (Chapter 2744 was enacted in response to the judicial abolishment of common-law sovereign immunity). The catch-all provision in R.C. 2305.09(D) has existed far longer. *See State ex rel. Lien*

*v. House*, 144 Ohio St. 238, 242, 244 58 N.E.2d 675, 677 (1944) ("the four-year statute, now Section 11224, General Code, was first enacted as a catchall limitation statute in 1831" through "its predecessor, Section 4982, Revised Statutes"); *Carpenter v. Cincinnati & Whitewater Canal Co.*, 35 Ohio St. 307, 316 (1880), citing Rev. Stat., Section 4982, Civil Code, Section 12, 15 (the plaintiff has four years after the cause of action accrued to bring "An action for injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated.").

{¶18} Amendments to R.C. 2305.09(D) after the enactment of R.C. 2744.04(A) did not make R.C. 2305.09(D) more specific or evince a manifest intent that the catch-all provision would prevail over the political subdivision statute of limitations. (The two-year statute was last amended in 2002 to change "arose" to "accrues" and to add a discovery provision for minors; the only substantive changes to division (D) of the four-year statute since 1985 dealt with an unauthorized signature in 1994 and negligence of a registered surveyor in 2014). The pertinent provisions in division (D) of R.C. 2305.09 pre-dated the enactment of R.C. 2744.04(A). *See Corpman*, 171 Ohio St. 233 at fn. 1 (quoting R.C. 2305.09(D) from the 1950's as requiring a cause of action to be brought within four years "For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12 * * * of the Revised Code.").

{¶19} As concluded by other courts, Appellant cannot avoid the specific and recent statute applying to actions seeking to recover damages from the political subdivision for injury to property from acts or omissions in governmental or proprietary functions by citing to the catch-all clause of a statute of limitations generally covering "an injury to the rights of the plaintiff not arising on contract." *See Fifth Third Bank v. Cope*, 162 Ohio App.3d 838, 2005-Ohio-4626, 835 N.E.2d 779, ¶ 38 (12th Dist.) (rejecting the four-year statute of limitations in R.C. 2305.09(D) for damage to real property because the specific two-year statute of limitations in R.C. 2744.04(A) applied to the claim stemming from actions of the city manager); *Davis v. Allen*, 1st Dist. Hamilton No. C-010165 (Jan. 18, 2002) (applying two-year statute of limitations asserting claim for damages to real property against city, even though the four-year statute of limitations applied to private defendants). *See also Read v. Fairview Pa*rk, 146 Ohio App.3d 15, 18-20, 764 N.E.2d 1079 (8th Dist.2001) (abuse of process claim was subject to the two-year

statute of limitations rather than the general four-year provision in division (D) of R.C. 2305.09).

{¶20} Additionally, as stated supra, the four-year statute of limitations was not raised to the trial court as prevailing over the two-year statute of limitations. The trial court correctly applied the two-year statute of limitations in R.C. 2744.04(A) to an action seeking to recover damages from a political subdivision for an injury to property allegedly caused by any act or omission in connection with a governmental or proprietary function (the failure to ensure the water was shut off). As the complaint was not filed within two years of the undisputed accrual date, summary judgment was proper. This assignment of error is overruled, and the trial court's decision is affirmed.

ASSIGNMENT OF ERROR TWO: IMMUNITY

{¶21} Appellant's second assignment of error alleges:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR THE APPELLEE AS THERE ARE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER THE CITY OF YOUNGSTOWN WATER DEPARTMENT WAS NEGLIGENT IN THE PERFORMANCE OF PROPRIETARY FUNCTIONS THAT RESULTED IN $16,900.00 OF DAMAGE TO APPELLANT'S PROPERTY * * *."

{¶22} Reiterating her response to the city's summary judgment motion, Appellant's argument under this assignment of error reviews the statutory test for political subdivision immunity and cites the exception to immunity in R.C. 2744.02(B)(2), which subjects the political subdivision to liability for the negligent performance of acts by employees with respect to proprietary functions. Appellant says a proprietary function includes the maintenance and operation of a utility such as a municipal water supply system, citing R.C. 2744.01(G)(2)(c) and *Matter v. City of Athens*, 2014-Ohio-4451, 21 N.E.3d 595 (4th Dist.) (where the court concluded the negligent failure to replace or upgrade the water lines involved a governmental function while the negligent maintenance of the lines servicing a house involved a proprietary function and found an issue as to whether there was a discretionary decision under the third tier reinstating immunity). Appellant concludes the city would not be immune from liability if a water department employee negligently performed the propriety function of turning off the water

Case No. 19 MA 0010

to the house as requested in July 2013, and she argues negligence remained a genuine issue for trial.

**{¶23}** However, as the city responds, the trial court did not grant summary judgment on the issue of immunity or negligence in the performance of a proprietary function. As set forth in our Statement of the Case, the city's motion for summary judgment was wholly based on R.C. 2744.04(A) and the expiration of its two-year statute of limitations. "R.C. 2744.04(A) sets forth the statute-of-limitations defense for actions against subdivisions, but it has nothing to do with the immunity of subdivisions." *Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 20.

**{¶24}** Since the city did not make an immunity argument in the summary judgment motion, the trial court did not address immunity. The trial court's judgment entry clearly rendered judgment solely on statute of limitations grounds. An issue is moot if it is "no longer live or the parties lack a legally cognizable interest in the outcome." *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10. Here, the issue of immunity was not addressed by or presented to the trial court as the city's motion was focused on the statute of limitations defense. Since summary judgment was granted for the city only because the two-year statute of limitations expired before the complaint was filed, this assignment of error on immunity is not properly before this court and is moot. *See Harsh v. City of Columbus*, 10th Dist. Franklin No. 01AP-54 (Aug. 2, 2001) (holding the two-year statute of limitations applied in action against a political subdivision for a claim alleging damage to real property, the untimely action was barred, and the immunity issue alternatively addressed by the trial court was moot).

**{¶25}** For the foregoing reasons, the trial court's judgment is affirmed.


Donofrio, J., concurs.

Waite, P.J., concurs.


Case No. 19 MA 0010

—————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**