[Cite as *Hannibal Dev., L.L.C. v. Monroe Water Sys.*, 2021-Ohio-2338.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

HANNIBAL DEVELOPMENT, LLC

Plaintiff-Appellant,

v.

MONROE WATER SYSTEMS, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MO 0016**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-224

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Randolph L. Snow* and *Atty. James M. Wherley, Jr.*, Black, McCuskey, Souers & Arbaugh, 220 Market Ave. S., Suite 1000, Canton, Ohio 44702, for Plaintiff-Appellant Hannibal Development, LLC.

*Atty. Thomas D. White*, *Atty. Matthew A. Kearney*, and *Atty. Katherine M.K. Kimble*, White Law Office, Co., 5989 County Road 77, Millersburg, Ohio 44654, for Defendant-Appellee Monroe Water Systems

*Atty. James L. Peters*, Monroe County Prosecuting Attorney, 101 North Main St., Rm. 15, Woodsfield, Ohio 43793, for Defendants-Appellees Monroe County Treasurer and Monroe County Auditor.

Dated: June 28, 2021

--------

**WAITE, J.**

**{¶1}** Appellant Hannibal Development, LLC ("Hannibal") appeals an August 31, 2020 Monroe County Court of Common Pleas decision to grant summary judgment in favor of Appellee Monroe Water Systems ("Monroe Water"). Hannibal argues that the trial court erroneously denied its motion for partial summary judgment where the uncontested facts demonstrate that Monroe Water violated its own rules and regulations governing the contract between the parties. Hannibal also argues that R.C. 6119.06(D) permits a party to file a contract or tort claim against a water district in the trial court and that party is not required to exhaust administrative remedies for such claims. For the reasons provided, Hannibal's argument regarding R.C. 6119.06(D) has merit. The denial of Hannibal's motion for summary judgment does not constitute a final appealable order, but summary judgment was not warranted, regardless. Accordingly, the judgment of the trial court is reversed and remanded for a trial.

<u>Factual and Procedural History</u>

**{¶2}** This is the second time this matter has been before us. See *Hannibal Dev., LLC v. Monroe Water Systems*, 7th Dist. Monroe No. 18 MO 0023, 2019-Ohio-3697. ("*Hannibal* I"). In *Hannibal I,* we reviewed whether the trial court properly dismissed the

matter after Monroe Water filed a Civ.R. 12(B)(6) motion to dismiss the complaint. The facts of that case are as follows:

> In July of 2014, Hannibal purchased the former Ormet manufacturing facility ("Ormet") which is located in Monroe County. Ormet was not in use at the time of the purchase nor at any time during Hannibal's ownership. At the time of purchase, Hannibal informed Monroe Water that it had purchased Ormet and that any bills should be sent to Hannibal. Apparently, Monroe Water suggested that Hannibal pay $5,000 per month until a usage history could be determined.
>
> Monroe Water did not send Hannibal a bill until nearly a year later, and Hannibal did not make any payments during that time. This bill sent on May 29, 2015 by Monroe Water was in the amount of $87,302.24. This bill stated that late fees of $8,730.22 would be added if payment was not timely received. The late fee would raise the total amount to $96,032.46. According to Hannibal, Monroe Water failed to return phone calls regarding this bill. At some point, Hannibal was informed that the amount was due in full and that partial payments would not be accepted. Sometime thereafter, Hannibal discovered and repaired an underground leak that was apparently responsible for the high usage.
>
> Initially, Hannibal did not pay the bill and disputed the amount. Monroe Water transferred the balance to the county auditor, who transferred it to the county treasurer. The treasurer placed a lien on the Ormet property in

Case No. 20 MO 0016

the amount of $228,436.60. It is unclear which portion of this amount derived from usage and which is the result of late fees. Hannibal paid the amount in full to satisfy the lien, but continued to dispute the amount owed. Hannibal subsequently sold the Ormet property after the lien was removed.

On June 13, 2018, Hannibal filed a complaint against Monroe Water, Monroe County Auditor, Monroe County Treasurer, and John Does 1-5. The first count of the complaint raised a claim to recover funds paid. This claim is based on an argument that Monroe Water failed to determine the actual amount of usage through reading the meter and failed to provide a quarterly bill to Hannibal, in violation of R.C. 743.04. The complaint also raises alternate theories of breach of implied contract to monitor usage and issue bills in the event that Title 7 of the Revised Code does not apply. The second count of the complaint raises unjust enrichment. The third count requests declaratory judgment to establish that Hannibal did not owe the amount paid. This claim, presumably focusing on the late fees, requests that these fees be returned to Hannibal.

On August 8, 2018, Monroe Water filed a Civ.R. 12(B)(6) motion to dismiss the complaint in its entirety. Monroe Water argued that Hannibal's first count is based on Chapter 7 of the Ohio Revised Code, which does not apply to an independent political subdivision. Because they contended the second and third counts were predicated on the first, Monroe Water argued that they must also be dismissed.

On September 27, 2018, the trial court granted Monroe Water's motion. The trial court reasoned that Chapter 7 of the Ohio Revised Code does not apply to a political subdivision pursuant to Chapter 6119. The court decided that Hannibal's second and third counts could not succeed without establishing the Chapter 7 claim. The court did not specifically address Hannibal's implied contract claim. It is from this judgment entry that Hannibal timely appeals.

*Hannibal I*, at ¶ 2-7

**{¶3}** We held that the trial court improperly dismissed Hannibal's contract claims, as those claims could not be resolved by reviewing the complaint, alone. *Id.* at ¶ 20. On remand, the trial court initially issued a judgment entry indicating that the first count of the complaint remained dismissed. Hannibal filed an uncontested motion to correct the entry which the trial court granted. As such, the following claims were before the trial court: (1) breach of implied contract to monitor usage and issue bills (2) unjust enrichment, and (3) declaratory judgment to establish that Hannibal did not owe the amount paid.

**{¶4}** On November 18, 2019, Hannibal filed a partial motion for default judgment. Hannibal argued that fifty-five days had passed since the trial court's judgment entry and Monroe Water had failed to file an answer to the complaint. Monroe Water responded and informed the court that it had admittedly held the mistaken belief that it was not required to answer the complaint while the appeal was pending, and asserted that lead counsel had been traveling and then became ill once the appellate process had ended. Monroe Water filed a motion for leave to file an answer instanter. The trial court granted Monroe Water's motion and allowed it to file an answer.

Case No. 20 MO 0016

{¶5}    Shortly thereafter, the Monroe County Auditor filed a motion for summary judgment, arguing that it was not a party to the contract and no longer had possession of the money in question because it had immediately transferred to Monroe Water.  As such, the auditor asserted that it was merely a "middle man" to the transaction.  The trial court granted the auditor's motion.  Hannibal does not contest that decision, here.  Thus, the auditor is not a party to this appeal.

{¶6}    On April 30, 2020, the parties filed competing motions for summary judgment.  In its judgment entry, the trial court denied Hannibal's partial motion for summary judgment, finding that genuine issues of material fact existed as to the agreement between the parties.  In the same judgment entry, the court granted Monroe Water's motion for summary judgment based on its determination that Hannibal failed to exhaust its administrative remedies.  It is from this entry that Hannibal timely appeals.

{¶7}    For ease of understanding, Hannibal's two assignments of error will be addressed out of order.

Summary Judgment

{¶8}    An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C).  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶9}    Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made,

Case No. 20 MO 0016

the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶10} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶11} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

ASSIGNMENT OF ERROR NO. 2

Hannibal was not required to exhaust administrative procedures prior to bringing this lawsuit.

Case No. 20 MO 0016

{¶12} Hannibal contends that it is not required to exhaust administrative remedies prior to filing a contract action because R.C. 6119.06(D) expressly provides the right to file a contract or tort claim against a water district in common pleas court. That statute does not require the exhaustion of any administrative remedies. Even if we disagree, Hannibal argues that R.C. 6119.06(D) must be read in conjunction with R.C. 5715.19(A)(1)(d) in order to avoid conflict. In accordance with statutory construction, effect must be given to both statutes. Thus, Hannibal argues R.C. 6119.06(D) applies to claims rooted in contract or tort law whereas R.C. 5715.19(A)(1)(d) applies to issues involving the valuation and assessment of real property. In the alternative, even if it was required to exhaust any administrative remedies, Hannibal argues that such efforts would be futile given Monroe Water's refusal to communicate. Hannibal urges that it had only twenty-one days to pay a bill that rose to almost six figures, thus was limited in its options.

{¶13} Hannibal also maintains that there were no administrative remedies available to pursue. Monroe Water admitted in an interrogatory that no formal administrative process exists in the event of a dispute. While Monroe Water's rules and regulations state that a customer "may" file a complaint, Hannibal argues that the word "may" suggests that such filing is not mandatory. Hannibal notes that Monroe Water's rules and regulations do not actually provide an appeal process, as the proceedings are not quasi-judicial in nature and do not provide basic protections such as notice and the opportunity to be heard. Hannibal also asserts that it was not required to specifically pay the amount owed "under protest."

{¶14} Monroe Water responds that Hannibal had three administrative remedies available: (1) filing a Rule V complaint, (2) filing a complaint with the Board of Revision

against the Auditor pursuant to R.C. 5715.19, and (3) filing an appeal after filing a complaint with the Ohio Board of Tax Appeals pursuant to R.C. 5717.01, R.C. 5717.03, R.C. 5717.04, and R.C. 5717.05. Monroe Water claims that this matter involves a tax assessment issue rather than a traditional water bill dispute, thus the Board of Revision and Tax Appeals Board would have jurisdiction. Even if R.C. 6119.06(D) provides a remedy, Monroe Water argues that Hannibal was still required to exhaust available administrative remedies before resorting to the courts.

{¶15} R.C. 6119.06(D) provides that a water district may:

Sue and plead in its own name; be sued and impleaded in its own name with respect to its contracts or torts of its members, employees, or agents acting within the scope of their employment, or to enforce its obligations and covenants made under sections 6119.09, 6119.12, and 6119.14 of the Revised Code. Any such actions against the district shall be brought in the court of common pleas of the county in which the principal office of the district is located, or in the court of common pleas of the county in which the cause of action arose, and all summonses, exceptions, and notices of every kind shall be served on the district by leaving a copy thereof at the principal office with the person in charge thereof or with the secretary of the district.

{¶16} The language of R.C. 6119.06(D) provides that a water district such as Monroe Water can be sued for contract or tort claims in common pleas court. Despite Monroe Water's argument, there is no express requirement within the statute requiring the exhaustion of any administrative remedies prior to filing such a complaint. R.C.

6119.06(D) has not been the subject of many appellate decisions, and those that exist and cite to this statute contain facts and issues not present, here. Thus, we have little outside guidance as to the application of this statute.

{¶17} We have previously recognized that a water district may be sued in its name with respect to contract claims. *The City of East Liverpool v. Buckeye Water District,* 2012-Ohio-2821, 972 N.E.2d 1090 (7th Dist.), ¶ 48, citing R.C. 6119.06(D). *Mauldin v. Youngstown Water Dept.,* 2019-Ohio-5065, 150 N.E.3d 433 (7th Dist.). Notably, in *Buckeye,* the plaintiff does not appear to have utilized any administrative remedies prior to filing a complaint in the common pleas court. However, we note that the specific issue in both *Buckeye* and *Mauldin* involves an immunity analysis, thus these cases are not directly on point. See *Buckeye, supra; Mauldin v. Youngstown Water, Dept.,* 7th Dist. No. 19 MA 0010, 2019-Ohio-5065, 150 N.E.3d 433.

{¶18} Based on our review of this matter, however, it is readily apparent that none of the "remedies" listed by the trial court are applicable, here. First, the trial court referred to the filing of a Rule V complaint. The trial court is making reference to a section found in Monroe Water's rules and regulations. According to Rule V, "[b]ills which the user believes to be incorrect may be paid under protest and appealed to the next meeting of the Trustees of the District. The Trustees shall hear the Complaint and take such action as may be necessary." (Exh. 6.)

{¶19} We begin by again noting that there is no language in R.C. 6119.06(D) allowing a water district to add a prerequisite, such as an administrative remedy, prior to filing a complaint in the trial court. Regardless, as Monroe Water conceded at oral argument, the "remedy" mentioned in Rule V does not provide any essential aspect of

due process, as it does not afford proper notice, an opportunity to be "heard" in a legal sense, or an explicit process to further appeal. Instead, Rule V appears to be a discretionary process that a customer may choose to exercise in the event of a dispute in the hope that the district's trustees may agree with the user. If they do not, no further process is anticipated or provided.

{¶20} As to the trial court's determination that Hannibal was, alternatively, required to file a complaint with the Board of Revision and subsequently file an appeal with the BTA, neither of those entities have jurisdiction over this matter. The Board of Revision is "a statutorily created board tasked with hearing 'complaints relating to the valuation or assessment of real property as the same appears upon the tax duplicate of the then current year.' " *Hess Ohio Dev., LLC, v. Belmont County Board of Revision,* 7th Dist. Belmont Nos. 19 BE 0029, 19 BE 0030, 19 BE 0031, 2020-Ohio-4729, ¶ 18, citing R.C. 5715.11. "County boards of revision are creatures of statute and, as a consequence, are limited to the powers conferred upon them by statute." *Id.* at ¶ 34, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision,* 87 Ohio St.3d 363, 368, 721 N.E.2d 40 (2000). "The authority granted to a board of revision by R.C. 5715.01 is to 'hear complaints and revise assessments of real property for taxation.' " *Id.*

{¶21} In *Hess,* we held that a dispute over the ownership rights in real property was not within the jurisdiction of the Board of Revision, as the dispute did not challenge the auditor's calculation of the value or tax assessment of the property. *Id.* at ¶ 45. The proper procedure in such a case was to file a quiet title action. *Id.*

{¶22} Monroe Water argues that because the amount of the disputed water bill was placed as a lien on the property in the instant case, somehow this lien creates

jurisdiction in the Board of Revision.  There is no legal or factual support for this theory. While the lien was certainly being assessed, the current dispute does not involve any question of the property's value for tax assessment purposes.  Regardless, Hannibal satisfied the lien prior to filing the complaint in this case.  The proceeds were transferred immediately from the auditor, who operated simply as a "middle man" in this matter to pass through the funds to Monroe Water.  This matter does not, then, involve the "valuation or assessment of real property."

{¶23} Monroe Water heavily relies on *Hamilton v. Mansfield Motorsports Speedway, L.L.C.*, 5th Dist. Richland No. 11 CA 103, 2012-Ohio-2446.  However, *Hamilton* is readily distinguishable, as that case involved a tax assessment made by the tax commissioner which did place the issue within the purview of the Board of Revision. *Id.* at ¶ 38.  Here, the issue involves neither a tax nor an action taken by the tax commissioner.  Instead, it involves an overdue water bill that has been satisfied.  Thus, *Hamilton* provides no guidance on the issue at bar.

{¶24} In summation, R.C. 6119.06(D) applies to this contract claim asserted against a water district.  R.C. 6119.06(D) does not provide that a party must look for, and exhaust, any administrative remedy.  The statute does not provide a water district with the ability to create an obstacle that must be utilized before a complaint can be filed. Assuming arguendo that it did, Monroe Water admitted it provides no other appropriate administrative procedure for appeal of a water bill.  There are no other appropriate administrative remedies available to Hannibal in this matter, either.  Accordingly, Hannibal's second assignment of error has merit and is sustained.

ASSIGNMENT OF ERROR NO. 1

Partial summary judgment should have been granted in favor of Hannibal because Monroe Water violated its own rules and regulations by failing to issue invoices monthly to Hannibal

**{¶25}** Hannibal contends that Monroe Water's own rules and regulations require it to send monthly bills no later than the fifteenth day of the month and additionally requires the bill to be paid within ten days or the service will be disconnected. Hannibal asserts that it purchased and took possession of the facility in July of 2014, so the first bill should have been received in August of 2014. However, it did not receive a bill until May 29, 2015, nearly a year later. Hannibal asserts that all of Monroe Water's other customers, including the previous owner of the facility, received monthly bills. Consequently, Hannibal asserts that the record establishes that Monroe Water breached the contract between the parties and so, summary judgment in favor of Hannibal was appropriate.

**{¶26}** In response, Monroe Water argues that there are at least three issues of material fact: (1) whether the parties reached an agreement as to the minimum payment, (2) whether Monroe Water breached the contract, and (3) whether Paul Liu was acting as an agent for Hannibal when he allegedly agreed to pay $5,000 per month until a rate could be established.

**{¶27}** "An order denying a motion for summary judgment is generally not a final appealable order." *Davis v. Brown Local School District,* 2019-Ohio-246, 131 N.E.3d 431 (7th Dist). An appellate court may only address the denial if a statutory exemption exists or if the matter turns on undisputed facts and purely legal questions. *Crum v. Yoder,* 7th Dist. Monroe No. 20 MO 0005, 2020-Ohio-5046, ¶ 34; *Seoane-Vazquez v. Rosenberg,* 10th Dist. Franklin No. 19AP-16, 2019-Ohio-4997, ¶ 20.

{¶28} Here, as the trial court stated in its entry, genuine material facts are clearly contested. First, Monroe Water claims that the parties reached an agreement where Hannibal agreed to pay $5,000 per month until a water rate could be established based on usage. Hannibal disputes that it entered into such an agreement. As the record demonstrates that Monroe Water apparently actually charged Hannibal $15,000 per month and not $5,000, it is apparent that there are genuine issues as to the existence of any agreement.

{¶29} Also at issue is the effect such an agreement would have on Monroe Water's rules and regulations. James Murray of Monroe Water conceded in his deposition that the parties did not discuss whether a monthly bill would be invoiced when they entered into this "agreement." (1/17/20 Murray Depo., p. 40.) He conceded that "customers pay the same rate unless otherwise changed by the Board." (1/17/20 Murry Depo., p. 31.) Murray also conceded that Hannibal was not invoiced or sent a shut-off notice, despite the fact that Monroe Water knew Hannibal had not been paying $5,000 per month. (1/17/20 Murry Depo., p. 104.) He admitted that he was unaware of another situation where a customer did not receive a bill. (1/17/20 Murry Depo., p. 109.) However, it is unclear whether the water department's rules and regulations constitute a contract or whether Monroe's above described actions amount to a breach of contract. Still at issue is whether Monroe Water and Hannibal reached an agreement to modify the rules and regulations. If so, it remains to be determined if such modification is permitted by the rules and regulations.

{¶30} Many facts remain in dispute in this case. And while denial of a motion for summary judgment is not final and appealable, because genuine issues of material fact

remain and those issues cannot be resolved solely as a matter of the application of law, the trial court was correct in deciding to deny partial summary judgment, here. As such, Hannibal's first assignment of error is without merit and is overruled.

Conclusion

**{¶31}** Hannibal argues that Monroe Water violated its own rules and regulations which govern the contract between the parties. Hannibal contends that R.C. 6119.06(D) permits a party to file a contract or tort claim against a water district in the trial court, and that it is not required to first exhaust any administrative remedies. For the reasons provided, Hannibal's argument regarding R.C. 6119.06(D) has merit and the trial court's decision to grant Monroe Water summary judgment was error. However, Hannibal's argument regarding the trial court's denial of its motion for summary judgment has no merit. While denial of summary judgment is not a final, appealable order, the trial court was correct in denying summary judgment to Hannibal. Accordingly, the trial court is reversed and the matter is remanded for a trial.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is overruled and its second assignment is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**